Richard Allen McENTIRE, Appellant,

v.

Cheryl Lynn Dietert McENTIRE, Appellee.

No. 04–84–00543–CV.

Court of Appeals of Texas, San Antonio.

Feb. 26, 1986.

Rehearing Denied April 7, 1986.

David W. Rogers, Bruce W. Cobb, San Antonio, for appellant.

Patricia Wueste, San Antonio, for appellee.

Before BUTTS, CANTU, REEVES, JJ.

REEVES, Justice.

This is an appeal from an enforcement and clarification order granted in a divorce case. The motion and consequent order were signed by the trial court during the period of time in which the court had plenary power over the divorce decree.

Appellant contends the trial court erred in entering the order because: (1) he was not properly cited to appear at the hearing; (2) the court lacked authority to change the divorce decree as it was based upon a contract between the parties; and (3) the court lacked authority to order him to execute a note payable to a person who was not a party to the suit.

## FACTS

In June 1984, appellant, Richard Allen McEntire instituted a divorce action against his wife, Cheryl Lynn McEntire. On August 29, 1984, the court entered a temporary order awarding $2,000.00 per month temporary alimony to appellee and $1,136.50 interim attorney fees to appellee's lawyer. Evidently these sums were not paid as directed by the court. On September 25, 1984, the divorce was finalized by the entry of the divorce decree.

On October 16, 1984, appellee filed a document styled Motion to Clarify Motion to Enforce and Motion for Contempt, which alleges:

1. Appellant has failed to execute a special warranty deed to effect division of the community property.

2. Appellant has failed to execute a note evidencing a debt to Jerry Dietert in the amount of $4,700.00.

3. Appellant should be held in contempt of court for failure to execute the warranty deed and the note.

4. Neither the temporary support order nor the interim attorney's fees for $1,136.00 have been paid.

5. Appellee seeks an additional $550.00 attorney's fees for the legal work necessary to pursue this motion.

After a hearing, the trial court ordered appellant to execute the warranty deed and the note to Dietert. Two thousand dollars representing unpaid temporary support money and the interim attorney's fees for $1,360.50 as well as the additional attorney fees of $550.00 was awarded to appellee and reduced to money judgments.

## THE CITATION

■ The appellant contends that the court lacked authority to hear the motion to clarify and enforce the decree because he was not served with citation called for in TEX.FAM.CODE ANN. § 3.70 (Vernon Supp.1986). This section requires that a party be served with citation as provided for in an original suit. The divorce decree was signed on September 25, 1984.

On October 16, 1984, appellee filed her motion for clarification and enforcement and contempt, and obtained a setting for October 22, 1984. The motion was served by delivering a copy of the instrument to appellant's attorney of record on October 16, 1984, pursuant to TEX.R.CIV.P. 21a. Appellant filed no motion to quash service, no motion for continuance, nor any other type of written pleading; the corrected judgment merely says that he showed up and his brief states that he announced not ready. In *Zimmerer v. Smyrl*, 670 S.W.2d 273 (Tex.App.—Houston [1st Dist.] 1983, no writ), two attorneys jointly agreed to represent a defendant in a criminal case. A controversy arose between the two lawyers as to how the fee should be split. Plaintiff brought suit against defendant claiming that the fee should be split equally, and defendant filed a counterclaim against plaintiff asserting interference with contractual relationships and slander.

When the case was called for trial, plaintiff acknowledged the counterclaim, but stated to the court that he was not appearing on the counterclaim since he had not been served with citation. The trial court refused to hear the counterclaim. The appellate court held that the plaintiff's appearance to contest the alleged lack of service of citation constituted a general appearance and personal service on the counterclaim was unnecessary. *See also Carter v. G & L Tool Co. of Utah, Inc.*, 428 S.W.2d 677, 681 (Tex.Civ.App.—San Antonio 1968, no writ).

We are of the opinion that appellant, by showing up to announce that he was not ready, made his appearance to the court, and waived his complaint as to the lack of service.

## APPELLANT'S CONTRACT CONTENTION

"A consent judgment has the same degree of finality and binding force as does one rendered by the court at the conclusion of an adversary proceeding." *Pollard v. Steffens*, 161 Tex. 594, 343 S.W.2d 234, 239 (Tex.1961).

The Supreme Court in *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890, 893 (1956) quoted from 31 AM.JUR. § 463, as follows: "The fact that a judgment is rendered by consent gives it neither less nor greater force or effect than it would have had it been rendered after protracted litigation, except to the extent that the consent excuses error and operates to end all controversy."

■ The divorce decree was styled "Agreed Decree of Divorce." In addition to the trial judge, it was signed by the parties and their respective attorneys. The division of the community property and debts are painstakingly set forth. The decree provides, "The parties agreed to this judgment as is reflected by their signatures, as well as the signatures of their attorneys of record." It further provides, "It is DECREED that the Petitioner and

Respondent shall execute all instruments necessary to effect this decree...."

We are of the opinion that the decree entered is an agreed judgment and is, therefore, a contract between the parties as well as an adjudication of their marital status. The provisions of such contract, in the absence of fraud, accident or mistake, should not be set aside or modified except by the consent of the parties.

■ The last paragraph of the decree states, "It is DECREED that all relief requested in this *cause* and not expressly granted in this decree is denied." (Emphasis ours). The temporary support and the interim attorney's fees are a part of the cause in the divorce action and no explanation is given why they were left out of the decree. The only mention of these items is the allegation they had not been paid. Of course, at the time of the entry of the decree, the amounts were due and owing, and it is not unreasonable to assume that the parties, in negotiating the details of the property settlement, removed the attorney's fees and the temporary support in consideration for some other concession. In any event, there is no pleading that would support modification of the agreed judgment. There has been no statement of facts filed in this cause. In such an instance, it will ordinarily be presumed that there was evidence to support the judgment. But this rule cannot not apply where the judgment purports to adjudicate matters not raised by the pleadings or tried by implication or consent. *See Davis v. Davis,* 521 S.W.2d 952, 954 (Tex.Civ.App.—Fort Worth 1975, no writ); *Weatherall v. Weatherall,* 403 S.W.2d 524, 526 (Tex.Civ. App.—Houston 1966, no writ).

■ Appellee contends the court had authority to enlarge upon the original divorce decree since the modification and order occurred during that time in which the court retained its "plenary power." TEX.R. CIV.P. 329(d). We acknowledge the extensive authority of the trial court over its judgment during that period of time, but this authority does not alter the right of the parties to enter a binding contract dividing their community property by the entry of an agreed judgment approved by the court. In *Spiller v. Sherrill,* 518 S.W.2d 268, 272 (Tex.Civ.App.—San Antonio 1974, no writ), the parties in a divorce suit entered a written agreement, approved by the trial court in an interlocutory order, to place certain land in trust for the benefit of the wife pending final judgment of a divorce suit. The day prior to entry of judgment in the case the court dissolved the interlocutory order and awarded the property to the husband. An appeal to this court was perfected. A motion to compel delivery of the land was filed by the husband to which the wife responded by applying for a writ of prohibition to the appellate court. The husband replied that the trial court had authority to dissolve or change the order since it was interlocutory and not appealable. This court held that the order was an agreed judgment and the court had no authority to dissolve the contractual rights of the parties.

We are of the opinion that the court erred when it carried over the $2,000.00 for temporary support and $1,136.50 for attorney's fees from the temporary orders to the modified divorce decree while disregarding the agreed divorce decree obtained in the meantime.

## EXECUTION OF PROMISSORY NOTE

■ Appellant concedes the agreed decree obligated the appellant to pay, "NOTE due to Jerry Dietert in the amount of $4,700.00." The decree also provides "that Petitioner and Respondent shall execute all instruments necessary to effectuate this decree...." The decree is not clear whether the note was in existence at the time of the entry of the agreed decree or to be executed after the entry of the decree. However, since there is no statement of facts, we must conclude that the court found that it was the intent of the parties that appellant would execute a note to Dietert according to the terms provided therein. *See Men's Wearhouse v. Helms,* 682 S.W.2d 429, 430 (Tex.Civ.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.), *cert. de-*

*nied,* —— U.S. ——, 106 S.Ct. 38, 88 L.Ed.2d 31. Although the trial judge cannot change the terms of a final judgment, the court does have authority to issue orders necessary to implement the judgment. *Schwartz v. Jefferson,* 520 S.W.2d 881, 888 (Tex.1975); TEX.FAM.CODE ANN. § 3.71(a) (Vernon Supp.1986). The trial judge's order requiring appellant to execute the note is consistent with the agreed divorce decree. We are of the opinion that the court had the authority, under the terms of the agreed judgment, to require appellant to execute the note.

### ATTORNEY FEES AFTER AN AGREED JUDGMENT

■ In addition to the interim attorney fees for $1,136.50, the court also ordered appellant to pay to appellee's attorney an additional $550.00 for legal fees rendered in obtaining the motion to clarify and enforce order. Attorney fees are recoverable in such an action as provided by TEX.FAM. CODE ANN. § 3.77 (Vernon Supp.1986).

We are of the opinion that the court did not err in awarding attorney fees at the hearing on the motion to clarify and enforce the agreed judgment.

We affirm that portion of the judgment ordering appellant to execute a note to Jerry Deitert and to pay attorney's fees of $550.00 for services rendered in obtaining the enforcement order. We reverse and render that portion of the divorce decree ordering appellant to pay the $2,000.00 temporary support, and the interim attorney's fees of $1,136.50.