Hill v. Hill 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-241-CV





DONALD RAYMOND HILL,



 APPELLANT


vs.





JUDY GAIL HILL,



 APPELLEE



 




FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT



NO. 91-D-002, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING



 




 Donald Raymond Hill, appellant, and Judy Gail Hill, appellee, were divorced July
2, 1991. As part of the divorce decree, the trial court appointed a Receiver to sell the parties'
marital residence, ordering certain debts be paid from the sale proceeds before distributing
seventy-five percent of the remaining proceeds to Wife and twenty-five percent to Husband. After
the Receiver sold the home, a dispute arose regarding distribution of the escrowed sale proceeds. 
Wife brought an action asking the trial court to order the Receiver to pay the debts and distribute
the remaining proceeds in accordance with the divorce decree. Husband opposed Wife's motion
and filed a "counterclaim" seeking payment of other debts from the proceeds and asking the court
to order Wife to turn over to him certain items of personal property not mentioned in the original
decree. Husband initiated discovery pursuant to his counterclaim, provoking Wife's motion seeking protection from Husband's discovery requests. After a hearing,
the court rendered its postjudgment order (1) directing the Receiver to pay the debts and distribute
the remaining sale proceeds in accordance with the divorce decree; (2) dismissing Husband's
"counterclaim"; and (3) protecting Wife from Husband's discovery requests due to the dismissal
of his counterclaim. Husband has perfected his appeal of the order to this Court. We will affirm
the trial court's order.



DISCUSSION


 Husband brings six points of error challenging the trial court's orders. In the first,
he asserts error in the trial court's dismissal of his counterclaim, alleging that the dismissal
deprived him of his right to enforce the divorce decree under Tex. Fam. Code Ann. (1) §§ 3.70-3.77 (West Supp. 1993). In the second and third points of error, Husband complains of the
court's order protecting Wife from his discovery requests. In his fourth point of error, Husband
complains of the trial court's refusal to grant a continuance concerning its consideration of his
counterclaim. And in the fifth and sixth points of error, Husband complains of the order directing
the Receiver to pay debts and distribute sale proceeds, arguing that the court lacked plenary
jurisdiction to take such action and that the Receiver lacked the authority to do what the court
ordered her to do.



Order of Dismissal

 Husband asserts that his counterclaim was an effort to enforce or clarify the decree
of divorce as permitted under sections 3.70-3.72. A review of that counterclaim shows that
Husband was seeking relief not contemplated by the enforcement provisions of the Family Code. 
Husband sought indemnification for certain debts assigned to Wife under the divorce decree, debts
which he alleged he had paid since the divorce and for which he sought reimbursement from the
sale proceeds of the residence. Husband also sought reimbursement from the sale proceeds for
certain expenses allegedly incurred in maintaining the house before its sale. Additionally,
Husband complained that Wife had violated her oral promise to deliver certain items of personal
property not specifically mentioned in the divorce decree; he asked the court to order Wife to
deliver these items of personal property or to grant damages for their conversion. Furthermore,
Husband sought to make the parties' two adult daughters defendants in the lawsuit.

 To affirm the trial court's order abating and dismissing Husband's counterclaim, 
we need only refer to section 3.71, which provides that, in enforcing a divorce decree, the trial
court may not "amend, modify, alter, or change the division of property made or approved in the
decree of divorce . . . ." All of Husband's claims exceeded a request for "enforcement." Section
3.70 does not encompass a party's request for indemnification; nor does it permit the court to alter
the list of debts to be paid from the sale proceeds under the receivership. Certainly it does not
permit one party to seek an award of personal property omitted from the final decree of divorce. 
As to the request that he be reimbursed for maintenance expenses, Husband had failed to submit
his expenses for the Receiver's approval as the divorce decree required. The court lacked the
power to grant any of the relief Husband sought. See § 3.71(b). The trial court quite properly
dismissed all of Husband's counterclaims. We overrule the first point of error.

 Finding no error in the court's order of dismissal, we also overrule points of error
two and three complaining of the court's denial of Husband's request for discovery pursuant to
his counterclaim, and point of error four complaining of the court's failure to grant a continuance
on the trial of the counterclaim.



Further Orders Under Receivership

 We note initially that the Receiver was appointed to sell the parties' marital
residence under the agreed decree of divorce, approved as to form and substance by both parties. 
Husband does not complain of the court's imposition of a receivership, having agreed to such a
course of action. Rather, he seems to object to the court's authority to supervise the Receiver's
actions after her appointment. In point of error six, Husband complains that the court had lost
plenary jurisdiction to make further orders concerning the receivership, and in point of error five,
he complains that the Receiver had lost the authority to perform the actions ordered by the court. 
We disagree with both contentions.

 Clearly the court had authority to appoint a receiver to sell the parties' homestead. 
Young v. Young, 765 S.W.2d 440, 444 (Tex. App.--Dallas 1988, no writ) (court has broad powers
to appoint receiver to effectuate its divorce decree). Section 3.70 of the Family Code gives the
court the power to supervise the receivership and to issue such orders as are necessary to enforce
its judgment. See McEntire v. McEntire, 706 S.W.2d 347, 351 (Tex. App.--San Antonio 1986,
writ dism'd). No doubt the parties' post-divorce squabbling over the disposition of the escrowed
sale proceeds discouraged the real estate broker from fulfilling the balance of her duties as
Receiver after placing the funds in escrow. Indeed, the Receiver felt compelled to hire counsel
to protect her own interests in this post-divorce battle.

 The final decree of divorce appointed the Receiver to sell the marital residence and
provided that



[t]he net sales proceeds (which are defined as the gross sales price less cost of sale
and full payment of any mortgage indebtedness or liens on the property) are hereby
distributed as follows:

 

Payment of the following debts:[ (2)]

 

. . . .


Upon the sale of the house and lot and the payment of the above debts, the
remainder of the proceeds, if any, shall be split with [Husband] receiving 25% and
[Wife] receiving 75%.



When this dispute over distribution of the sale proceeds arose, at Wife's request the escrowed
proceeds were forwarded from the title company, owned by Husband's attorney, to the registry
of the court. No debts were paid and no proceeds were distributed to the parties. Quite
appropriately, Wife brought an action asking the court to enforce its judgment by ordering that
the enumerated debts be paid and the remaining proceeds be distributed in accordance with the
divorce decree. Husband cites no legal precedent or theory to support his challenge to the court's
authority to supervise the receivership or to the court's discretion to require the Receiver to fulfill
the decree's provision that the net sales proceeds "are hereby distributed as follows." In the
hearing below, Husband's opposition to Wife's request that the debts be paid and the proceeds be
distributed devolved into a dispute over which individual, the Receiver or the district clerk, should
disburse the funds. (3) We decline to impose damages for a frivolous appeal, but note that such
pointless argument for the sake of argument very narrowly escapes sanction for actions that ought
not be tolerated by our courts. We overrule points of error five and six.



CONCLUSION


 Concluding that the trial court committed no error, we affirm its post-divorce order
in all respects.



 

 Bea Ann Smith, Justice

[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed: January 27, 1993

[Do Not Publish]

1.   All further citations to statutory section numbers will refer to the Family Code.
2.   Debts listed as items "i" through "vxiii" are omitted.
3. [3]  In his opening statement to the trial court, counsel for Husband argues, "Mr. Dawson
[Wife's counsel] has filed a motion to pay those debts, but to have the receiver write the
checks. I have filed a motion to pay those same debts, but have Emma Jean [Emma Jean
Schulle, district clerk] sign the checks. I think -- and writing the checks seems to me to be
sort of a ridiculous issue for us to be arguing about."


 Again in closing argument, counsel for Husband: "And what we're talking about here
and what counsel is even urging today for the first time is: Let Mrs. Schulle write the checks. 
And I think we're agreed to that and then we can go forward. Maybe I misunderstood counsel
in his argument, but I thought he said let Mrs. Schulle write the check. Let the Court write
the check. Maybe he meant by `the Court' let the Court's receiver write the check, but I took
it to be the person who had the money and to be the clerk."