No. 04-97-00025-CV



Elia HERNANDEZ,


Appellant



v.



Pete HERNANDEZ,


Appellee



From the 225th Judicial District Court, Bexar County, Texas


Trial Court No. 91-CI-14162


Honorable Charles A. Gonzalez, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: August 12, 1998


REVERSED AND REMANDED


 This appeal is reinstated on the docket after being abated by our order of June 19, 1998.

 Elia Hernandez appeals from a clarification order and a Domestic Relations Order
interpreting the divorce decree of her and her ex-husband, Pete Hernandez. On appeal, her primary
contention is that the order is an impermissible modification of the original decree. We agree and
we reverse the trial court's order.

Factual and Procedural Background


 On August 12, 1992, the parties entered into an agreed divorce decree which dissolved their
marriage and divided their marital property. As part of the property division, the parties' retirement
benefits were divided in the following manner:

 [Pete Hernandez] is awarded the following as [his] sole and separate property:


 * * * * * * *



 4. All right, title, and interest in and to 50% of the United States Army disposable
retired or retainer pay to be paid as a result of Pete Hernandez's service in the United
States Army . . . or other reasons, if, as, and when received.


 5. 50% of all sums, whether matured or unmatured, accrued or unaccrued, vested or
otherwise, together with all increases thereof, the proceeds therefrom, and any other
rights related to any profit-sharing plan, retirement plan, pension plan, employee
stock option plan, employee savings plan, accrued unpaid bonuses, or other benefit
program existing by reason of [Elia Hernandez's] past employment with Federal
Aviation Authority as of July 17, 1992.



 * * * * * * *


 [Elia Hernandez] is awarded the following as [her] sole and separate property:


 * * * * * * *


 5. All right, title, and interest in and to that portion of the United States Army
disposable retired or retainer pay to be paid as a result of Pete Hernandez's service
in the United States army not awarded in this decree to Pete Hernandez.


 6. 50% of all sums, whether matured or unmatured, accrued or unaccrued, vested or
otherwise, together with all increases thereof, the proceeds therefrom, and any other
rights related to any profit-sharing plan, retirement plan, pension plan, employee
stock option plan, employee savings plan, accrued unpaid bonuses, or other benefit
program existing by reason of [Pete Hernandez's] past employment with the United
States Army.


The decree also stated that the parties' marriage lasted 19 years and 6 months, during which time
Pete served 19 years and 10 months of creditable service toward retirement at an E-7 pay scale.

 In the fall of 1996, Pete retired from the military and Elia began receiving disbursement
checks. Elia received 50% of Pete's retirement pay. Pete filed a motion to clarify the original decree
asking the court to enter an order "to prevent Elia from receiving any benefit of his separate
property." The parties' attorneys appeared before the court and presented argument. At the hearing,
counsel for Pete argued that the reference to his pay scale at the time of divorce coupled with the
reference to "past employment with the United States Army" indicated the parties' intent to divide
only those benefits accumulated through the date of divorce. He contended that the reference to
"past employment" does not contemplate his service after the date of the divorce, nor does the
reference to an E-7 pay scale contemplate a promotion with a corresponding increase in pay scale.
Pete's attorney thus urged that the decree awarded Elia 50% of the retired pay of an E-7 with 19
years and 6 months of service towards retirement plus any cost of living increase.

 By contrast, Elia's counsel maintained that the awarding paragraphs, not the reference to
Pete's pay scale at the time of divorce, controlled. Specifically, he focused on the date limitation
contained in the paragraph awarding Pete an interest in Elia's retirement benefits, and noted there
is date limitation in Elia's awarding paragraph. Elia's attorney argued that the omission of the
limiting date indicated that her award was not to be calculated from the date of divorce, but rather
when received by Pete. Elia's attorney further argued that the parties intended Elia to receive monies
from any promotions Pete earned after the divorce because the decree states that Elia is entitled to
50% of all increases from Pete's benefits.

 After hearing argument from both sides, the trial court entered a clarification order and a
separate Domestic Relations Order. The Domestic Relations Order contains a formula calculating
Elia's portion of Pete's retirement benefits at the time of divorce, not from the date of Pete's
retirement. Specifically, it states:

 [Elia Hernandez shall] have judgment against and recover from [Pete Hernandez] the
sum equal to 50% (of the monthly disposable retire pay of an E-7 with 19 years 6
months of creditable service towards retirement) times the fraction (percentage)
which results from dividing the sum equal to the monthly disposable retired pay of
an E-7 with 19 years 6 months of creditable service towards retirement by the amount
of the disposable retired pay which [Pete Hernandez] is entitled to receive at divorce,
August 12, 1992, thereby obtaining the percentage awarded [Elia Hernandez] of [Pete
Hernandez's] disposable retired pay at retirement, payable IF, AS, and WHEN
received by [Pete Hernandez].


 Elia filed a motion for new trial, motion to modify judgment, and motion to clarify, arguing
that the trial court's order modified the 1992 decree in violation of section 3.71 of the Family Code
which prohibits a court from altering the substantive division of property. These motions were
denied. On appeal, Elia asserts six points of error. Our discussion begins with points of error two
and three.

Clarification versus Modification


 Points of error two and three attack the clarification order as an impermissible modification
of the original decree. In point of error number two, Elia argues that the trial court erred as a matter
of law in substantively changing the express terms of the decree by granting her something other
than her original interest in violation of section 3.71 (b) of the Texas Family Code. Point of error
number three posits that the trial court erred as a matter of law in substantively changing the express
terms of the decree because such change is barred by the doctrine of res judicata.

 The Texas Family Code governs enforcement of a property division ordered in a divorce
decree. Specifically, section 3.71(a) of the Code provides in part:

 A court may not amend, modify, alter, or change the division of property made or
approved in the decree of divorce or annulment. Further orders may be entered to
enforce the division, but these orders shall be limited to orders in aid or in
clarification of the prior order. The court may specify more precisely the manner of
effecting the property division previously made if the substantive division of property
is not altered or changed.


Tex. Fam. Code Ann. § 3.71 (a) (Vernon 1993).(1) Subsection b states that an order that amends,
modifies, alters or changes the actual substantive division of property made or approved in a final
decree of divorce or annulment is unenforceable. Id. (b). A clarification order is proper only if the
court finds the original decree ambiguous or so unspecific that it is unenforceable by contempt.
Pierce v. Pierce, 850 S.W.2d 675, 679 (Tex. App.--El Paso 1993, writ denied). Whether the trial
court's clarification order was a modification or an enforcement of the original decree is a question
of law which this court reviews de novo. See Able v. Able, 725 S.W.2d 778, 779 (Tex.
App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.). Stated differently, this court determines whether
the decree contained an ambiguity in the first instance.

 The parties entered into an agreed divorce decree and, therefore, it is treated as a contract
with the law of contract interpretation guiding our analysis. See Dechon v. Dechon, 909 S.W.2d 950,
956 (Tex. App.--El Paso 1995, no writ). Where an agreement can be given a definite legal meaning
or interpretation, it is not ambiguous and the court will construe the agreement as a matter of law.
Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). Merely because the parties present differing
interpretations of an agreement does not give rise to an ambiguity. Forbau v. Aetna Life Ins. Co.,
876 S.W.2d 132, 134 (Tex. 1994). The agreement must be reasonably susceptible to more than one
interpretation for it to be considered ambiguous. See Coker, 650 S.W.2d at 393.

 Here, the decree states that Pete is to receive 50% of the United States Army disposable
retired or retainer pay to be paid as a result of his service if, as, and when received. Elia is to receive
the remaining 50% of Pete's retirement pay from his past employment with the United States Army.
We find this language unambiguous. The decree unambiguously awards Elia 50% of Pete's
retirement benefits resulting from his past employment with the United States Army as they are paid
to him. See Baxter v. Ruddle, 794 S.W.2d 761, 762-63 (Tex. 1990); Hurley v. Hurley, 960 S.W.2d
287, 288 (Tex. App.--Houston [1st Dist.] 1997, no writ); Pate v. Pate, 874 S.W.2d 186, 188 (Tex.
App.--Houston [14th Dist.] 1994, writ denied). As recognized by the First Court of Appeals, the
phrase "if, as, and when received" is a term of art which ties the valuation of the award to the date
of receipt, not to the date of divorce. Hurley, 960 S.W.2d at 289. The inclusion of the phrase "past
employment" in Elia's awarding paragraph does not alter this conclusion. This phrase simply
describes the type of benefits Elia is entitled to receive -- the benefits resulting from Pete's past
employment with the United States Army. If the parties intended to limit Elia's share of Pete's
retirement benefits to the value that had accured at the time of divorce, they could have expressly
done so. See id. at 288-89 (citing Pate, 874 S.W.2d at 188). Indeed, the division of Elia's retirement
benefits is expressly limited to the benefits that had accrued up to the date of divorce.

 Thus, we find there is only one reasonable interpretation of the decree: Elia is entitled to 50%
of all Pete's retirement benefits, which includes the sums that accrued after the date of divorce. That
the effect of such agreement results in Elia's receipt of Pete's separate property is not in dispute, but
courts must enforce unambiguous agreements as written. See Baxter, 794 S.W.2d at 763. Because
the agreement is not ambiguous, the trial court was without the authority to modify the parties'
agreement to reflect an award that calculated Elia's percentage of Pete's benefits from the date of
divorce. See id. We sustain points of error two and three. In light of our disposition of these points
of error, we need not address Elia's remaining arguments. See Tex. R. App. P. 47.1.

 The order of the trial court is reversed and the cause is remanded to the trial court for
proceedings consistent with this opinion.


 Catherine Stone, Justice

DO NOT PUBLISH


1. Effective April 17, 1997, the Legislature recodified the Family Code by reenacting Title 1. Former section
3.71 was reenacted as Tex. Fam. Code Ann. § 9.007 (Vernon Pamp. 1998).



Return to
4th Court of Appeals Opinions