Opinion issued December 12, 2002












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00026-CV




MELISSA LAMB F/K/A MELISSA LAMB GREEN, Appellant

V.

CHARLES CAMPBELL GREEN, III, Appellee




On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 2000-40018




O P I N I O N

          Appellant, Melissa Lamb f/k/a Melissa Lamb Green, appeals from an agreed
divorce decree, seeking to reform the decree to divide the benefits under a severance
agreement, entered into during the marriage, between appellee, Charles Campbell
Green, III, and his employer. We determine whether Lamb preserved her appellate
challenges and also whether the agreed nature of the divorce decree prevents those
challenges. We affirm.
Background
          Lamb and Green married in May 1997. Green signed a severance agreement
with his employer in August 1998. In August 2000, Lamb filed for divorce. In May
2001, the parties entered into a settlement agreement dividing their property (“the rule
11 agreement”).


 See Tex. Fam. Code Ann. § 6.602(b) (Vernon Supp. 2002)
(making mediated settlement agreement, which meets certain criteria, binding); Tex.
R. Civ. P. 11. The rule 11 agreement specified that certain community-property
assets—not including the severance agreement—were to be divided equally. The rule
11 agreement also contained a catch-all community-property provision, which
divided equally between the parties all other community property not specifically
listed in the agreement. The rule 11 agreement further provided that “100% of all
assets undisclosed by a party [are] to go to the other party within 60 days of
determining the assets were undisclosed.”
 
          According to the docket sheet and the agreed divorce decree’s recitations, the
trial court held a hearing on the parties’ rule 11 agreement in May 2001. That hearing
was apparently evidentiary, but the parties waived a court reporter. To effectuate the
rule 11 agreement and divorce decree, the parties executed partition and exchange
agreements dividing specific assets, but not the severance agreement. 
          On September 17, 2001, the trial court and the parties’ attorneys signed the 
divorce decree. The decree was styled “agreed decree of divorce” and recited that the
parties had approved the decree as to form and substance. The decree contained a
catch-all provision that each party would receive “50% of all other community
property as of [the decree’s date] not listed in this decree, but otherwise disclosed in
the Inventories and Appraisements submitted by the parties.” (Emphasis added.) The
decree also provided as follows:
IT IS ORDERED AND DECREED, as a part of the division of the estate
of the parties, that any community property or its value not otherwise
awarded by this decree is awarded to the party not in possession or
control of the property. IT IS FURTHER ORDERED AND DECREED
that the party in possession or control of such property is designated
constructive trustee of the property for the benefit of the other party. It
is ORDERED AND DECREED that 100% of all assets undisclosed by
a party to [sic] go to the other party within 60 days of determining the
assets were undisclosed.

(Emphasis added.) The decree did not specifically refer to the severance agreement.
 
          The motions and responses filed below reveal that Green resigned from his
employment effective October 15, 2001. The record does not show whether Green
ever received benefits under the severance agreement.
          On October 17, 2001, Lamb’s trial counsel moved to reform the decree or,
alternatively, for a new trial. Lamb’s motion assumed that the severance agreement
was a community-property asset that the agreed divorce decree did not divide. Based
on that assumption, Lamb’s motion asserted only one ground: Green had failed to
disclose the severance agreement in his inventory and appraisement, and, thus, the
trial court should reform the judgment to award her 100% of that asset.


 Importantly,
Lamb did not argue that the decree should be reformed for not comporting with the
parties’ rule 11 agreement or that Green somehow had an evidentiary burden that he
had not carried to show the separate-property nature of any assets. Green replied to
Lamb’s motion, alleging, among other things, that Lamb had received a copy of the
severance agreement during discovery in March 2001. Green attached a copy of the
severance agreement and the discovery response under which he claimed that that
agreement had been produced.
          The docket sheet reveals that the trial court held a hearing on November 29,
2001 on Lamb’s motion to reform, but notes only that “oral arguments” occurred and
does not show whether the hearing was evidentiary. There is no reporter’s record of
that hearing. Also on November 29, Lamb’s trial counsel and the counsel who now
represents Lamb on appeal filed a memorandum of authorities in support of Lamb’s
earlier motion to reform. Although the November 29 memorandum elaborated on the
one ground that had been raised in Lamb’s earlier motion to sever,


 the memorandum
also raised new arguments: (1) Green did not prove by clear and convincing evidence
that the severance agreement was separate property and (2) the rule 11 agreement’s
catch-all provision required the trial court to reform the decree to award Lamb 50%
of the entire severance benefit.



 
          Although a docket entry dated November 30, 2001 indicates that the trial court
denied Lamb’s motion with the notation, “[T]he severance agreement has no value,”
no order appears in the record, and Lamb’s motion was thus denied by operation of
law. See Tex. R. Civ. P. 329b(c).
Preservation of Error and Effect of Agreed Divorce Decree
          Nowhere in her appellate brief does Lamb argue the one ground from her
motion to reform, i.e., that Green failed to disclose the severance agreement in his
inventory and appraisement and that the trial court should reform the judgment to
award her 100% of that asset for that reason. Rather, in her sole appellate issue,
Lamb argues that the trial court erred “in failing to recognize severance benefits
earned by [Green] during the course of the marriage as a marital property right subject
to equal division pursuant to the parties’ rule 11 agreement.” Specifically, Lamb
argues that (1) the rule 11 agreement’s catch-all provision entitled Lamb to 50% of
the entire severance benefit, and the trial court erred in not reforming the decree to
do so, and (2) Green did not prove by clear and convincing evidence that the
severance agreement was separate property. 
          Lamb did not raise these arguments by pleadings filed before the decree’s
signing, and there is no reporter’s record to show if Lamb otherwise raised these
arguments before the decree’s entry. Likewise, Lamb’s October 17 motion to reform
the decree did not assert these arguments, which appeared below only in Lamb’s
November 29 memorandum in support of her motion to reform. That memorandum
was not filed until 73 days after the trial court had signed the agreed divorce decree,
however. Even were we to construe the November 29 memorandum as an amended
motion to reform, we could not consider its new grounds because the memorandum
was filed without leave of court more than 30 days after the date of the decree. See
Tex. R. Civ. P. 329b(b), (g). Because Lamb did not timely raise below the challenges
she now asserts on appeal, she has waived them. Tex. R. Civ. P. 33.1(a)(1). 
          Moreover, Lamb’s complaints challenge an agreed decree. See McEntire v.
McEntire, 706 S.W.2d 347, 349-50 (Tex. App.—San Antonio 1986, writ dism’d)
(holding divorce decree was agreed judgment when decree was styled “agreed”; was
signed by judge, parties, and their attorneys; and recited that parties agreed to
judgment, as reflected by their and their attorneys’ signatures). “The fact that a
judgment is rendered by consent gives it neither less nor greater force or effect than
it would have had it been rendered after protracted litigation, except to the extent that
the consent excuses error and operates to end all controversy between the parties.” 
Wagner v. Warnash, 295 S.W.2d 890, 893 (Tex. 1956) (emphasis added); accord Gulf
Ins. Co. v. Burns Motors, Inc., 22 S.W.3d 417, 422 (Tex. 2000); Pate v. Pate, 874
S.W.2d 186, 188 (Tex. App.—Houston [14th Dist.] 1994, writ denied). As with any
agreed judgment, an agreed divorce decree is a contract between the parties. See
McEntire, 706 S.W.2d at 350; accord Pate, 874 S.W.2d at 188. “The provisions of
such a contract [as incorporated in an agreed divorce decree], in the absence of fraud,
accident or mistake, should not be set aside or modified except by the consent of the
parties.” McEntire, 706 S.W.2d at 350; see Boyett v. Boyett, 799 S.W.2d 360, 362
(Tex. App.—Houston [14th Dist.] 1990, no writ) (“Generally, agreed judgments, once
rendered, are contracts between the parties that excuse error and operate to end all
controversy between the parties. However, appellant correctly observes that an
agreed judgment can be reformed for mutual mistake in the underlying agreement. 
. . . Marital property agreements, even if incorporated into a final divorce decree, are
treated as contracts and the law of contracts then governs interpretation of the
decree’s legal force and meaning.”) (citations omitted); accord Pate, 874 S.W.2d at
188. 
          Lamb does not argue that fraud, accident, or mistake prevented the agreed
decree from binding her. Nor is there any evidentiary record before us that could
support such a challenge, had it been raised on appeal. Accordingly, even if Lamb
had preserved her appellate challenges, she could not attack the agreed decree on the
grounds she raises on appeal. See Wagner, 295 S.W.2d at 893; Pate, 874 S.W.2d at
188; McEntire, 706 S.W.2d at 349-50. 
          Additionally, we note that Lamb’s argument that Green did not prove the
severance agreement was separate property fails because there is no reporter’s record
from which to evaluate any evidence that the trial court might have considered. 
Conclusion
          We affirm the judgment of the trial court.
          We overrule Green’s motion to assess sanctions against Lamb for frivolous
appeal under rule 45. See Tex. R. App. P. 45.
 

 
Tim Taft
Justice
 
Panel consists of Justice Taft, Alcala, and Price.



Do not publish. Tex. R. App. P. 47.4.