

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00024-CV

**IN THE INTEREST OF P.Y.M.**, A Child

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-00373
Honorable Cathleen M. Stryker,[1] Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Karen Angelini, Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  August 7, 2013

MOTION TO WITHDRAW GRANTED; AFFIRMED

In this accelerated appeal, Gerardo M. and Viola C. appeal the trial court's order terminating their parental rights to their daughter P.Y.M.[2] Viola C.'s court-appointed attorney has filed a motion to withdraw and an *Anders* brief, asserting Viola C. cannot raise any arguable grounds for appeal and her appeal is frivolous. Gerardo M. argues the court lacked personal jurisdiction over him, or in the alternative, the evidence supporting termination of his rights was legally and factually insufficient. We affirm.

---

[1] This case was assigned to the 224th Judicial District Court of Bexar County, Texas, in which the Honorable Cathleen M. Stryker is the presiding judge. However, the case was tried by and the final order was signed by the Honorable Charles E. Montemayor, Associate Judge, appointed pursuant to section 201.201 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 201.201, *et seq.* (West Supp. 2012).

[2] To protect the identity of the minor child, we refer to her parents by their first name and last initial and to the child by her initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2008); TEX. R. APP. P. 9.8(b)(2).

## BACKGROUND

P.Y.M. was born in October 2011, and the Texas Department of Family and Protective Services filed its petition for conservatorship and termination of parental rights in February 2012. The petition asked the court to terminate the rights of Viola C., the child's mother, Antonio C., the child's presumed father, and Gerardo M., the child's alleged father. A bench trial on the petition was held in January 2013.

The trial court's written order terminated the rights of all three respondents.[3] The court found by clear and convincing evidence that Viola C. had constructively abandoned her child, failed to comply with the terms of her family service plan, and used a controlled substance in a way that endangered the child's health or safety, and that termination of Viola C.'s rights was in the child's best interest. *See* TEX. FAM. CODE. ANN. § 161.001(1)(N), (O), (P), (2) (West 2008 & Supp. 2012). In its oral rendition of judgment, the court found by clear and convincing evidence that Gerardo M. had constructively abandoned P.Y.M. and failed to comply with the terms of his family service plan and that termination was in P.Y.M.'s best interest. *See id.* § 161.001(1)(N), (O), (2). In its written order, the court adjudicated Gerardo to be P.Y.M.'s father; it also found Gerardo M. did not timely file an admission of paternity and that termination of his rights would be in P.Y.M.'s best interest. *See id.* §§ 161.001(2), 161.002(b)(1) (West 2008 & Supp. 2012). The court filed written supplemental findings, clarifying that the court terminated Gerardo M.'s rights on the grounds of constructive abandonment and failure to comply with his family service plan. *See id.* § 161.001(1)(N), (O).

---

[3] Antonio C. does not appeal the termination of his parental rights.

## TERMINATION OF VIOLA C.'S PARENTAL RIGHTS

Viola C.'s court-appointed attorney filed a motion to withdraw and a brief containing a professional evaluation of the record, demonstrating there are no arguable grounds to be advanced, and concluding the appeal is frivolous. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re R.R.*, No. 04-03-00096-CV, 2003 WL 21157944, *4 (Tex. App.—San Antonio May 21, 2003, order) (applying *Anders* procedure to appeals from orders terminating parental rights), *disp. on merits*, 2003 WL 22080522 (Tex. App.—San Antonio Sept. 10, 2003, no pet.) (mem. op.). Appellant was provided a copy of the brief and the motion to withdraw and was informed of her right to review the record and file her own brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.) (per curiam); *In re R.R.*, 2003 WL 21157944, at *4. Appellant did not file a pro se brief.

We have reviewed the record and the attorney's *Anders* brief, and we agree with counsel that the appeal is without merit. Accordingly, we grant the motion to withdraw and affirm the trial court's termination order with respect to Viola C.

## TERMINATION OF GERARDO M.'S PARENTAL RIGHTS

Gerardo M. contends the trial court never acquired personal jurisdiction over him because he was never served with process; the court, therefore, could not terminate his rights once it adjudicated him to be P.Y.M.'s father.[4] He further contends the evidence was factually and legally insufficient for the court to find that he committed at least one of the acts or omissions under section 161.001(1) of the Family Code, which would warrant the termination of his parental rights. We disagree and affirm the termination of his parental rights.

---

[4] Service of process is not required to terminate the parental rights of an alleged father in certain circumstances. *See* TEX. FAM. CODE ANN. §§ 102.009(a)(8); 160.404; 161.002(b)(2), (3), (4), (c-1), (d).

*Personal Jurisdiction*

Personal jurisdiction over a party is generally established when the party is served with process. *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012). A party waives service of process and submits itself to the authority of the court if it makes a general appearance or files an answer. TEX. R. CIV. P. 120, 121; *see McEntire v. McEntire*, 706 S.W.2d 347, 349 (Tex. App.—San Antonio 1986, writ dism'd). In *McEntire*, this court held that the appellant had waived his complaint about a lack of service and made a general appearance when he appeared at the scheduled trial and announced "not ready." *McEntire*, 706 S.W.2d at 349. If a party retains counsel and counsel appears in court on its behalf and "seeks a judgment or an adjudication on some question," the party is also considered to have appeared. *In re C.T.*, No. 13–12–00006–CV, 2012 WL 6738266, at *11 (Tex. App.—Corpus Christi Dec. 27, 2012, no pet.) (mem. op.) (citing *Mays v. Perkins*, 927 S.W.2d 222, 225 (Tex. App.—Houston [1st Dist.] 1996, no writ)).

Gerardo M. was never served with process, did not personally appear at any hearing, and did not file any responsive pleading. However, Gerardo M.'s *ad litem* attorney appeared at the termination hearing,[5] and although she announced "not ready," she questioned the sole witness at the termination hearing about information relevant to the termination of Gerardo M.'s rights. When the court asked whether the *ad litem* had any closing argument, she said "[j]ust as to [Gerardo M.] I think he has indicated that he would like whatever is in his child's best interests."

The record establishes that Gerardo M. generally appeared through counsel, thus waiving any complaint about lack of service and submitting to the court's jurisdiction. His appointed attorney appeared at the trial and made an announcement of "not ready"—a factual situation similar to the one presented in *McEntire*. *See* 706 S.W.2d at 349. The attorney *ad litem* participated

---

[5] Orders in the record reflect the attorney *ad litem* appeared at an earlier hearing, but the reporter's record of that hearing was not submitted to this court.

in the hearing and asked the court to consider P.Y.M.'s best interest on behalf of Gerardo M. *See In re C.T.*, 2012 WL 6738266, at \*11. We hold that the attorney's actions established the court's personal jurisdiction over Gerardo M.

*Termination under Family Code Section 161.002*

The order of termination purports to terminate Gerardo M.'s rights because he did not file an admission of paternity. Failing to file an admission of paternity with the paternity registry is sufficient for a court to terminate the rights of an alleged father so long as the child is less than a year old when the termination suit is filed. *See* TEX. FAM. CODE ANN. § 161.002(b)(3). However, the court's order adjudicates Gerardo M. to be P.Y.M.'s father. Because the trial court adjudicated Gerardo M. to be P.Y.M.'s father, the court could not terminate his parental rights under section 161.002.

*Termination under Family Code Section 161.001*

After the court adjudicated Gerardo M. to be P.Y.M.'s father, it could only terminate his parental rights if it found (1) termination was in the child's best interest and (2) Gerardo M. committed one of the acts or omissions listed in section 161.001(1) of the Family Code. TEX. FAM. CODE ANN. § 161.001. The court found that termination was in P.Y.M.'s best interest—a finding not challenged on appeal. In its supplemental findings, the trial court found two of the statutory acts or omissions by clear and convincing evidence: constructive abandonment and failure to comply with a service plan. *Id.* § 161.001(1)(N), (O). To survive legal and factual sufficiency review, the evidence supporting a section 161.001(1) finding must be such that a "'factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d 17, 25 (Tex.2002).

Section 161.001(1)(O) provides that a parent's failure to comply with the terms of a service plan warrants the termination of parental rights. The record reflects that a service plan was

developed by the Department and filed without Gerardo M.'s signature on April 16, 2013. *See* TEX. FAM. CODE ANN. § 263.103(c) (West 2008 & Supp. 2012) (permitting a service plan to be filed without a parent's signature if the Department determines the parent is unwilling or unable to participate). The trial court adopted the plan in an order signed on April 18, 2013. *Id.* § 263.103(d)(2) ("The original service plan takes effect when . . . the court issues an order giving effect to the plan without the parents' signatures.").

At trial, a Department caseworker testified that Gerardo M. only completed the parenting classes required by his plan and nothing else. He also testified that he felt termination was in P.Y.M.'s best interest because "[the parents] haven't been compliant. The only thing they've completed is parenting. They haven't addressed the family violence issue and they haven't addressed the drug issue, which are the main concerns that we have." We note that the service plan calls for Gerardo M. to participate in family-violence prevention services, to refrain from drug use, and to provide a drug-free environment for P.Y.M. The caseworker's testimony establishes that Gerardo M. did not comply with these portions of the service plan.

Accordingly, we hold that a rational trier of fact could have formed a firm belief or conviction that Gerardo M. did not comply with the terms of his service plan. *See In re D.N.*, No. 07-12-00508-CV, 2013 WL 1964813, at *11 (Tex. App.—Amarillo May 9, 2013, n. pet. h.) ("Texas courts have taken a strict approach to subsection (O)'s application . . . without reference to quantity of failure or degree of compliance."). This is true whether the evidence is viewed in the light most favorable to the finding or the disputed evidence is viewed in a neutral light. *See In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).

## CONCLUSION

We affirm the order of termination.

Luz Elena D. Chapa, Justice