Pat M. ALLEN, Petitioner,

v.

Virginia G. ALLEN, Respondent.

No. C–4360.

Supreme Court of Texas.

July 16, 1986.

Rehearing Denied Oct. 29, 1986.

Donald M. Hunt, Carr, Evans, Fouts & Hunt, Lubbock, for petitioner.

Charles E. Benson and Barbara S. Benson, Benson & Benson, Lubbock, for respondent.

## OPINION

RAY, Justice.

The appeal is from an order of the trial court enforcing a divorce decree. The court of appeals reversed the trial court's order enforcing the decree. 692 S.W.2d 112. Pat Allen presents two issues: whether the trial court's order was interlocutory in nature thus depriving the court of appeals of jurisdiction and, alternatively, whether the court of appeals erred in not affirming the trial court on any of the other grounds of recovery pleaded by Pat Allen before the trial court. We hold that the trial court order properly disposed of the issue and the parties before the trial court. Therefore, we overrule the judgment of the court of appeals and affirm that of the trial court.

Pat is a veterinarian. In 1977, he and his wife, Virginia, along with another veterinarian and his wife, purchased a piece of

real property. The two veterinarians used the property for their veterinary clinic. A deed of trust on the property secured a $150,000 note for purchase money and initial operating expenditures of the clinic. Although the partnership made all payments on the loan, the veterinarians and their wives never executed a warranty deed to the partnership.

The veterinarians operated the clinic as a partnership until they incorporated in 1978. The real property was never conveyed to the corporation. Pat Allen purchased the other veterinarian's interest in the corporation when they terminated their business relationship in 1981.

Pat and Virginia Allen divorced in 1981. The Agreement Incident to Divorce awarded Pat the corporation. The property settlement agreement, however, failed to dispose of the real property comprising the veterinary clinic.

Pat sued to gain Virginia's interest in this real property. He pleaded that the only dispute between the parties was the status of the real property and requested the trial court to sign an order specifically requiring Virginia to convey to Pat her interest in that real property. In the alternative, Pat pleaded for this relief based on reformation, judgment nunc pro tunc, bill of review, declaratory judgment, and constructive trust theories. The trial court signed an Order Enforcing Decree ordering Virginia to convey to Pat her interest in the real property. The order does not mention the alternative grounds of recovery. Neither party requested findings of fact or conclusions of law and none were filed.

Pat instituted this action after the trial court lost its plenary power over the decree. It retained only its inherent power to clarify or enforce the decree. *McGehee v. Epley*, 661 S.W.2d 924, 926 (Tex.1983); Tex.R.Civ.P. 329b (Vernon 1985). The court of appeals held that the trial court's Order Enforcing Decree amounted to a modification of the decree in excess of that court's jurisdiction and reversed the action of the trial court and rendered judgment that Pat take nothing.

■ Pat complains that the court of appeals had no jurisdiction on appeal because the trial court's failure to adjudicate his alternative grounds of recovery renders the order intrinsically interlocutory. Furthermore, the rule of implied disposition does not apply because the order affirmatively shows disposition of only a single claim. We disagree. The trial court's order disposed of the sole issue before the court, the status of the real property.

The rule that an appeal may be prosecuted only from a final judgment "is deceiving in its apparent simplicity and vexing in its application." *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966). The *Aldridge* court advised that the problem of determining finality could be eliminated by a careful drafting of judgments to conform to the pleadings or by the inclusion of a simple statement that all relief not expressly granted is denied. *Id.* at 898. The trial court order in this case reflects neither.

■ The absence of any reference to pleaded alternative grounds of recovery does not render an order intrinsically interlocutory. All pleaded issues are presumed to be disposed of, expressly or impliedly, by the trial court's judgment absent a contrary showing in the record. *Vance v. Wilson*, 382 S.W.2d 107, 108 (Tex.1964); *North East Independent School District v. Aldridge*. That a judgment grants part of the relief but omits reference to other relief put in issue by the pleadings does not render the judgment intrinsically interlocutory. That judgment will ordinarily be construed as settling all issues by implication. *Vance v. Wilson*, supra; *Stephenson v. Vineyard*, 564 S.W.2d 424 (Tex.Civ.App.—Houston [1st] 1978 n.r.e.); 4 R. McDonalds, *Texas Civil Practice in District and County Courts* § 17.10 (Supp.1985).

■ Pat complains that his bill of review claim was not disposed of by implication. He contends that the order would set aside the original decree had the court disposed of this claim. Therefore, the order's failure to set aside the decree is a contrary

showing to finality on the face of the order. Pat's argument presumes a particular manner by which the trial court will dispose of the claim. The *Aldridge* court made acutely clear that an implied disposition does not presume that the trial court disposed of unaddressed claims *in any particular manner. Aldridge* at 897. (emphasis in original). "(A)ll that (is) necessary to a holding of finality (is) a presumption that the claim *had been disposed of ...*" *Id.* (emphasis in original). The trial court did not have to set aside the original decree for this order to be construed as settling the bill of review claim by implication.

The trial court disposed of the only issue before it and gave Pat all the relief he requested. His pleadings unequivocally state:

(Pat Allen) would show that the only disputed matter between the parties arising out of the Agreement Incident to Divorce and the Decree entered pursuant thereto is the status of the real property ... and to (Pat Allen's) knowledge, neither party seeks any relief other than relief pertaining to such property.

The trial court order determined the status of the real property as a part of the assets of the partnership awarded to Pat Allen in the divorce decree. By Pat's own pleadings, the trial court disposed of the sole issue between the two parties to the suit. He received the relief he sought. The order is final.

We move to Pat's second point. He complains that the court of appeals erred by not affirming the trial court action on any of the other grounds which he pleaded. We agree with Pat's complaint.

In the absence of findings of fact or conclusions of law, the trial court is presumed to have found facts in favor of its order if there is any probative evidence to support the order. *Lewkowicz v. El Paso Apparel Corp.,* 625 S.W.2d 301, 303 (Tex. 1982). It is equally true that when findings of facts and conclusions of law are not requested or filed, appellate courts must affirm the judgment of the trial court on any legal theory that finds support in the evidence. *In The Interest of W.E.R.,* 669 S.W.2d 716, 717 (Tex.1984).

The trial court's order that Virginia convey her interest in the real property to Pat can be affirmed on other pleaded grounds of recovery. There was evidence that the Allens each mistakenly believed the real property had already been conveyed to the veterinary corporation. There is no dispute that Pat would receive the corporation. A marital property agreement, although incorporated into a final divorce decree, is treated as a contract and its legal force and meaning are governed by the law of contracts, not by the law of judgments. *McGoodwin v. McGoodwin,* 671 S.W.2d 880, 882 (Tex.1984). Contract law provides that the property settlement agreement may be reformed to correct the mutual mistake and to reflect the true intent of the parties. *Thelman v. Martin,* 635 S.W.2d 411, 414 (Tex.1982).

The trial court's judgment is affirmed on Pat Allen's request for reformation. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.