**John R. ARMSTRONG, Appellant,**

v.

**Claire H. ARMSTRONG, Appellee.**

**No. 2–87–154–CV.**

Court of Appeals of Texas,
Fort Worth.

May 5, 1988.

Rehearing Denied June 2, 1988.

Hooper & Evans, Winfred Hooper, David L. Evans and Vickie Rainwater, Fort Worth, for appellant.

Jameson & Maxwell, Stephen C. Maxwell, Fort Worth, for appellee.

Before BURDOCK, HILL and FARRIS, JJ.

OPINION

HILL, Justice.

John R. Armstrong, appellant, appeals from a post-judgment order he contends

improperly modified a divorce decree agreed to by the parties subsequent to a contested trial.

We reverse and render.

Claire H. Armstrong, appellee, filed her first amended petition for divorce from appellant November 1, 1985. One ground for divorce was an alleged assault against her by appellant. Appellee sought no damages, exemplary or otherwise, for personal injuries. Trial was held in March of 1986. On June 10, 1986, the trial judge made docket entries reflecting her decision as to property division and noted the personal injury claim was dismissed without prejudice. The statute of limitations on that claim ran July 16, 1986. The divorce decree which was finally entered December 31, 1986, contained several substantial changes from the original decree, and was approved as to form and substance by both parties. Appellee's personal injury claim was expressly dismissed without prejudice in the December decree.

On January 30, 1987, appellee filed a motion for new trial on the dismissed cause of action or motion to reinstate the dismissed cause. After a hearing, the personal injury action was severed from the divorce and a new trial on the personal injury action only granted February 23, 1987, with an order to that effect being signed March 13, 1987. Appellant filed a motion for rehearing which was finally overruled by order of June 19, 1987. It is this final order of which Appellant now complains.

In his sole point of error, John urges that the trial court erred in modifying the judgment since Claire, having accepted the benefits of the judgment, was estopped from seeking a modification of that judgment. In two subpoints, John argues that the court erred in severing and granting a new trial on the personal injury action, because the personal injury action was not severable without unfairness to the parties; and that the trial court erred in characterizing its order as a clarification, because it changed the legal effect of the order.

■ We reverse the trial court's order granting a partial new trial on the personal injury action only and severing that action from the divorce, and render judgment in accordance with the original decree as otherwise modified by the trial court. We do so because we find that the trial court's granting of a partial new trial and then a severance with respect to the personal injury action was not fair and not just in this instance in view of the significant change of position of the parties in reliance on the agreed judgment which had been approved by the court, a judgment which included a dismissal of the personal injury action after the statute of limitations had run.

■ At the outset, we must consider Claire's claim that the order appealed from is not an appealable order. Claire argues that the order is interlocutory in nature. In reality, the order gives finality to the divorce judgment which it modifies, leaving no further matters to be determined with respect to those issues before the court in this cause. *See Allen v. Allen,* 717 S.W.2d 311 (Tex.1986). We overrule Claire's motion to dismiss the appeal, because we find that the order appealed from is not an interlocutory order.

In her divorce petition, Claire alleged, as a fault ground for divorce, an assault by John which caused her personal injury. The petition asked the court to consider her injuries and award her a disproportionate share of the property to be divided, in part because of her physical condition as a result of the assault. She did not request damages for the assault. Upon trial to the court in the divorce action, the court granted the divorce, made a disposition of the property, and wrote in her docket sheet that the petitioner's "cause of action for personal injury is dismissed without prejudice." The trial court rendered this judgment on June 10, 1986.

The parties negotiated certain changes to the decree as rendered by the trial court, and, on December 31, 1986, another judge, sitting for the trial judge in this court, signed the divorce decree. The decree provided that Claire's cause of action was dismissed without prejudice. The decree was approved as to both form and substance by counsel for both parties.

Claire alleged that the assault occurred on July 16, 1984. The two-year statute of limitations expired between the time the trial judge rendered its decision and the time the judge signed the agreed decree of divorce. *See* TEX.CIV.PRAC. & REM. CODE ANN. sec. 16.003 (Vernon 1986).

Part of the changes made to the decree as rendered by the judge in the agreed decree was an acceleration of payments that John was to make to Claire. John paid Claire, in accordance with that decree, a substantial amount of cash, in excess of $200,000.

After John had paid her substantial sums in performance of the agreed decree, Claire filed a motion seeking reinstatement of her personal injury action or, alternatively, a partial new trial as to that issue only. The trial court granted a partial new trial on the personal injury claim only. At a subsequent hearing, the trial court rendered its last order, severing the personal injury action in what it called a clarifying order, and making certain modifications in the original divorce decree.

We must determine whether or not the trial court abused its discretion in granting Claire a partial new trial on the issue of the personal injury claim and severing that claim from the divorce action.

Rule 320 of the Texas Rules of Civil Procedure provides for a partial new trial when "such part is clearly separable without unfairness to the parties." TEX.R. CIV.P. 320. Rule 41 of the Rules of Civil Procedure provides for severance of causes "on such terms as are just." TEX.R. CIV.P. 41. We find that the trial court's granting of a partial new trial and then a severance with respect to the personal injury action was not fair and not just in this instance in view of the significant change of position of the parties in reliance on the agreed judgment which had been approved by the court, a judgment which included a dismissal of the personal injury action after the statute of limitations had run. We sustain the sole point of error.

We reverse the trial court's orders granting a partial new trial on the personal injury action only and severing that action from the divorce and render judgment in accordance with the original decree, as otherwise modified by the trial court.

FARRIS, J., dissents.

FARRIS, Justice, dissenting.

The majority holds that we should reverse the trial court's order granting a partial new trial and render judgment adopting the terms of the original decree of the trial court because the trial court's granting of a partial new trial ended in an unfair and unjust result.

I dissent because I find that the consequence of the majority's action may result in an end no less unfair or unjust than the act of the trial court. I concur with the majority opinion that the trial court judgment should be reversed, but I would remand the entire case for a new trial because, although to affirm the judgment of the trial court granting appellee a partial new trial and severing out a personal injury action may allow appellee a double recovery of the damages resulting from the intentional tort of the appellant, to reverse and render judgment may deny the appellee any recovery at all. Agreeing that the trial court's granting of partial summary judgment is error, I would remand the case for new trial so that the issue might be fully developed.

Appellee did not plead a personal injury claim against appellant as a separate cause of action, but rather included allegations of appellant's intentional tort against appellee in her alleged grounds of divorce which she contended justified an unequal division of property. In her trial pleading, appellee alleged that appellant intentionally or recklessly injured her by striking her, causing her to fall and fracture her hip thereby proximately causing her bodily injury and the ordinarily attending damages, e.g., medical expenses; past and future; disability; loss of income; pain and suffering.

During the trial appellant testified about the occurrence as well as other acts of violence on the part of appellant against appellee. Appellee introduced the deposition testimony of Dr. Richards, the orthope-

dic surgeon who treated her immediately after her injury, of Dr. Jones, the orthopedic surgeon who subsequently treated appellee in connection with the same injury and medical treatments, and of Dr. Kent, who treated appellee in the emergency room. The doctors were questioned about medical expenses, extent of injury and future damages. The proof offered in connection with appellee's alleged hip injury was consistent with her allegations of fault on the part of appellant.

The trial was completed on March 18, 1986, but the final decree of the trial court was not entered until December 31, 1986. During the intervening nine months, two things occurred which are relevant to the issue before us: on June 10, 1986, the trial court entered a docket entry, alluded to by both parties in their briefs, setting out the terms to later be incorporated in the decree of divorce including a provision that (appellee's) cause of action for personal injuries be dismissed without prejudice and on July 16, 1986, the statute of limitations, unless otherwise tolled, ran on any cause of action based upon appellant's assault upon appellee and the resulting hip injury.

A trial court has no broader discretion than in the area of granting a motion for new trial, and we may reverse the order of a trial court granting or denying a motion for new trial only for a *manifest* abuse of discretion. *See Grohn v. Marquardt*, 657 S.W.2d 851, 857 (Tex.App.—Texarkana 1983, writ ref'd n.r.e.). Since we are incapable of reading the mind of the trial court, the unjust and unfair result of which the majority complains is not manifest from the face of the record. What is obvious is that if the trial judge considered the act of appellant and consequential injury in connection with appellee's hip injury in the division of property, then the granting of the partial new trial is unfair to appellant while, on the other hand, the action of the majority, assuming the trial court did not consider the incident, will be unfair to appellee. Certainly, it would seem to appear more reasonable to believe that since the trial judge repeatedly expressed her intent not to dispose of any claim of appellee against appellant for personal injuries as an adjunct to the property division that she in fact did not consider that issue in dividing property.

Rule 320, Texas Rules of Civil Procedure provides:

When it appears to the court that a new trial should be granted on a point or points that affect only a part of the matters in controversy and that such part is clearly separable without unfairness to the parties, the court may grant a new trial as to that part only. . . .

TEX.R.CIV.P. 320. The unfairness which exists in the instant case is in the granting of a partial new trial because under the facts of this case the issue of property division incident to the divorce and the award of damages for personal injury are not clearly separable. Further, even if we can render judgment as a consequence of the trial court's error in granting the partial new trial, I believe that it is more appropriate that we remand the case for new trial on all the issues in the interest of justice. *See United States Fire Insurance Co. v. Carter*, 473 S.W.2d 2 (Tex.1971).