Charles HURLEY, Appellant,

v.

Jenny Lind HURLEY, Appellee.

No. 01–96–00865–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 11, 1997.

Ronald Buford Pruitt, Sherri L. Cothrun, Houston, for Appellant.

Shawn Casey, Houston, for Appellee.

Before COHEN, WILSON and HEDGES, JJ.

**OPINION**

COHEN, Justice.

The trial judge entered an order clarifying the parties' agreed divorce decree and a qualified domestic relations order ("QDRO") to effectuate payment of appellant's retirement benefits under the decree to appellee. The issue before us is whether, under the

terms of the agreed property division, appellee's interest in appellant's retirement benefits should be valued as of the date of divorce or as of the date of receipt of the benefits. We hold they should be valued as of the date received. Consequently, we affirm.

## Facts

■ The parties were divorced in 1984 after 25 years of marriage. Their agreed property settlement was incorporated into the divorce decree, and it awarded appellee a percentage of appellant's retirement benefits "if, as, and when received by" appellant.

Appellant was employed during the marriage by Uncle Ben's/Mars, Inc. for 189.23 months. After 323 months of service, appellant retired, and appellee brought this suit. In 1996, the trial judge signed a clarification order granting appellee 29.29 percent[1] of appellant's retirement benefits and entered a QDRO accordingly.

## Clarification Order and QDRO

Appellant contends the clarification order and the QDRO impermissibly altered the divorce decree, which provides:

■ It is ORDERED, ADJUDGED and DECREED that [appellee] receive one-half ( ½) of [appellant's] retirement benefits in the Mars Retirement Plan, if, as and when received by [appellant]. [Appellee's] entitlement to these benefits is based upon a fraction, the numerator of which is [appellant's] number of months of service at the date of divorce, 189.23 months, and the denominator of which is [appellant's] number of months of service with Uncle Bens Foods or any Mars related company. . . .

Appellant asserts appellee should receive only 29.29 percent of the value of appellant's retirement benefits at the date of divorce, rather than 29.29 percent of the benefits when received.

■ This action was instituted long after the trial court's plenary power expired.

Thus, the trial court could clarify or enforce the decree, but it could not modify it. TEX. FAM.CODE ANN. § 9.006 (Vernon Pamp.1998); *Allen v. Allen,* 717 S.W.2d 311, 312 (Tex. 1986). Because the parties consented to the property settlement incorporated in their divorce decree, the decree is enforceable as a contract, even if it divests appellant of his separate property. *Baxter v. Ruddle,* 794 S.W.2d 761, 762–63 (Tex.1990).[2]

■ A marital property agreement is governed by contract law. *Allen,* 717 S.W.2d at 313. Whether a contract is ambiguous is a question of law decided by examining the contract as a whole. *Grain Dealers Mutual Ins. Co. v. McKee,* 943 S.W.2d 455, 458 (Tex. 1997). If a contract is subject to more than one reasonable interpretation, it is ambiguous. *Id.*

Here, the decree states appellee is to receive "one-half (½) of [appellant's] retirement benefits in the Mars Retirement Plan, if, as and when received by [appellant]." This language is unambiguous, and it is fatal to appellant's claim that the benefits were to be valued at the time of divorce. Similar language was considered dispositive in *Baxter v. Ruddle,* 794 S.W.2d at 763.

Other parts of the decree are consistent with this conclusion. For example, the next sentence of the decree provides "[Appellee's] entitlement shall include the right to receive the appropriate proportional amount of *any* death benefits payable to [appellant] out of these retirement funds." (Emphasis added.) Like the retirement benefits, the death benefits are not tied to the date of divorce.

Our conclusion is also supported by the supreme court's recognition of "the difficulty of computing a present value [of a pension at the time of divorce] and will fairly divide the risk that the pension may fail to mature." *Cearley v. Cearley,* 544 S.W.2d 661, 666 (Tex. 1976). If the parties intended otherwise, they could have expressly limited appellee's share to the value at divorce. *Pate v. Pate,*

---

1. 189.23 months ÷ 323 months ÷ 2 = 29.29%.

2. This distinguishes this case from *Berry v. Berry,* 647 S.W.2d 945 (Tex.1983), where the decree was silent about distribution of retirement benefits. *See Ex parte Lucher,* 728 S.W.2d 823, 827

(Tex.App.—Houston [1st Dist.] 1987, no writ), which distinguished *Berry* and which was specifically approved in *Baxter v. Ruddle,* 794 S.W.2d 761, 763 (Tex.1990).

874 S.W.2d 186, 188 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Absent such language, we conclude, based on *Cearley, Lucher, Baxter,* and*Pate,*that the phrase "if, as, and when received" is a term of art requiring that pensions be valued not at the time of divorce, but at the time of receipt.

We hold there is only one reasonable interpretation of the decree. Therefore, the judge had the power to enforce the decree as written, and she did not exceed her power by modifying it. *See Baxter,* 794 S.W.2d at 763 (requiring trial judge to give effect to literal meaning of divorce decree if it is unambiguous).

We overrule the first point of error.

### Legal and Factual Sufficiency

Appellant contends the evidence was legally and factually insufficient to support the clarification order and QDRO. Absent findings of fact and conclusions of law, we must affirm the judgment on any legal theory supported by the evidence. *Allen,* 717 S.W.2d at 313. No findings or conclusions are before us; thus, we presume the trial judge found facts in favor of her order. The divorce decree alone is evidence supporting the order of clarification. Therefore, the evidence was sufficient.

We overrule the second point of error.

We affirm the judgment.