TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00471-CV






Richard P. Olivarri, Appellant



v.



Elvia P. Olivarri, Appellee






FROM THE DISTRICT COURT OF BEXAR COUNTY, 224TH JUDICIAL DISTRICT


NO. 81-CI-10416, HONORABLE JOHNNY D. GABRIEL, JUDGE PRESIDING 






 Richard and Elvia Olivarri divorced in 1981. The divorce decree awarded appellee
Elvia Olivarri a share of the retirement benefits derived from appellant Richard Olivarri's
employment with the City of San Antonio. Neither party appealed the 1981 divorce decree. 
Appellee brought this enforcement action after encountering problems with the City's
administration of the benefits upon appellant's retirement. See Tex. Fam. Code Ann. § 9.006
(West 1997) (Fam. Code). The court signed a final judgment in March 1997. Appellant attacks
the judgment in four points of error, contending that the trial court erred in finding that the 1981
divorce decree was unambiguous, in finding that the divorce decree was a consent decree, and in
its construction of the division of retirement benefits in the 1981 decree. We will affirm the trial-court judgment.

Scope of Enforcement Proceedings


 Res judicata applies to a final divorce decree to the same extent that it applies to any
other final judgment. See Baxter v. Ruddle, 794 S.W.2d 761, 762 (Tex. 1990); Segrest v. Segrest,
649 S.W.2d 610, 612-13 (Tex.), cert. denied, 464 U.S. 894 (1983). If an appeal is not timely
perfected from the divorce decree, res judicata bars a subsequent collateral attack unless a
judgment is void. See Baxter, 794 S.W.2d at 762; Segrest, at 612-13. Res judicata applies even
if the divorce decree improperly divided the property. See Baxter, 794 S.W.2d at 762; Cook v.
Cameron, 733 S.W.2d 137, 140 (Tex. 1987).

 A court may render further orders to enforce the property division made in the
divorce decree in order to assist in the implementation of, or to clarify, the decree. See Fam.
Code § 9.006(a). The court may specify more precisely the manner of effecting the property
division previously made if the substantive division of property is not altered or changed. See
Fam. Code § 9.006(b). In an enforcement action, the enforcing court may not modify the decree
nor alter in any manner the award of benefits made by the divorce court. See Fam. Code
§ 9.007(b); Allen v. Allen, 717 S.W.2d 311, 312 (Tex. 1986); McGehee v. Epley, 661 S.W.2d
924, 925-26 (Tex. 1983); Schwartz v. Jefferson, 520 S.W.2d 881, 888 (Tex. 1975); Hurley v.
Hurley, 960 S.W.2d 287, 288 (Tex. App.--Houston [1st Dist.] 1997, no writ); Harvey v. Harvey,
905 S.W.2d 760, 763 (Tex. App.--Austin 1995, no writ). If the language is unambiguous, the
enforcing court must enforce the decree as written. See Baxter, 794 S.W.2d at 763. An
enforcement proceeding may not be used to retroactively apply changes in the treatment of the
division of retirement benefits to an existing final judgment. See Baxter, 794 S.W.2d at 763;
Segrest, 649 S.W.2d at 612; Ex Parte Lucher, 728 S.W.2d 823, 826 (Tex. App.--Houston [1st
Dist.] 1987, orig. proceeding).


Interpretation of the Decree



 The decree in question divided the retirement benefits and awarded Elvia one-half
of the benefits according to a formula which multiplied one-half times a fraction in which the
numerator was appellant's years of employment that occurred during the marriage and the
denominator was "number of years of service"; the retirement benefits due appellee were ordered 
payable "if, as and when" the same became due and payable to appellant. The court clarified the
order by inserting appellant's actual number of years of service at retirement, that is, the court
supplied the denominator called for in the final decree of divorce.

 In point one, appellant contends that the decree was ambiguous and the formula
should be interpreted to base appellee's share of the retirement benefits on the number of years
of his service at the date of the divorce, not at the date of retirement. We disagree. Comparable
language used in connection with formulas dividing retirement benefits has been interpreted to
mean that the retirement benefits are to be valued based on service at retirement, not at the date
of divorce. See Baxter, 794 S.W.2d at 763 ("if, as, and when received" meant date of retirement,
not date of divorce); Cearley v. Cearley, 544 S.W.2d 661, 662 (Tex. 1976) ("if and when retires
and receives" meant value at date of retirement); Anderson v. Anderson, 707 S.W.2d 166, 188
(Tex. App.--Corpus Christi 1986, writ ref'd n.r.e.) (one-half of retirement benefits "as they are
paid to him" meant value at date of retirement); Lohse v. Cheatham, 705 S.W.2d 721, 722 (Tex. 
App.--San Antonio 1986, writ dism'd) ("if, as, and when received by or paid to" is value at date
of retirement).

 Hurley v. Hurley, 960 S.W.2d 287 (Tex. App.--Houston [1st Dist.] 1997) involved
a formula similar to the one at issue here in its division of retirement benefits. The decree
provided that the non-employee spouse receive one-half of the employee spouse's retirement "if,
as, and when received" and employed a formula of a numerator consisting of the number of
months of service at the date of divorce and a denominator consisting of the employee spouse's 
total number of months of service. Id. at 288. The argument was made that the decree was
ambiguous and that the benefits should be valued at the date of divorce, not retirement. The court
found the judgment unambiguous. Id. The court declared that the phrase "if, as, and when
received" is a term of art requiring that pensions be valued not at the time of divorce, but at the
time of retirement. Id. at 289.

 We think the trial court correctly found the decree unambiguous. No language
limiting the time of service limited that service to the time of divorce. Nothing in the formula for
apportioning the benefits or appearing elsewhere in the decree conflicts with the construction that
the retirement benefits are to be valued as of the date of the retirement. The trial court properly
assisted in the implementation of the original decree by inserting into the formula the factor
unknown at the time of the decree--the actual number of years of appellant's service. We overrule
point of error one.

 In his second point of error, appellant contends that the trial court improperly found
this decree to be an agreed judgment. Whether or not this was an agreed judgment does not affect
the outcome of the case. Even if a divorce decree is not a consent decree or agreed judgment, the
normal rules applicable to the construction of judgments apply to its interpretation. See Harvey,
905 S.W.2d at 763; Biaza v. Simon, 879 S.W.2d 349, 350 (Tex. App.--Houston [14th Dist.]
1994, writ denied). If it is a consent decree or agreed judgment, it is interpreted as if it were a
contract between the parties. See Harvey, 905 S.W.2d at 764, Biaza, 879 S.W.2d at 355. In
interpreting a contract, the court's primary concern is to give effect to the written expression of
the parties' intent, considering the contract as a whole and giving effect to each part. See Forbau
v. Aetna Life Ins. Co., 876 S.W.2d 132, 133 (Tex. 1994). We have already held that the decree
was not ambiguous as a judgment. We find nothing in the decree that expresses any intent on the
part of the parties contrary to the trial court's construction. We overrule appellant's second point
of error.

 Appellant's third and fourth points of error attack the trial court's construction of
the decree. He argues that the formula used in the original decree was incorrect and the trial court
should divide the retirement benefits as set out in Berry v. Berry, 647 S.W.2d 945 (Tex. 1983). (1) 
As discussed earlier, res judicata applies to divorce decrees. See Baxter, 794 S.W.2d at 762;
Segrest, 610 S.W.2d at 612. Any complaints about the property division, whether in regard to
the retirement benefits or other property, had to be raised in a direct appeal from the original
decree. See Baxter, 794 S.W.2d at 763. While compliance with Berry may now be required, we
do not apply Berry retroactively. Wilson v. Uzzel, 953 S.W.2d 384, 390 (Tex. App.--El Paso
1997, no writ). The trial court cannot, some sixteen years after the original decree, alter the
substance of that decree once it became final. We overrule points three and four.

 We affirm the trial court judgment.





 


 Mack Kidd, Justice


Before Justices Aboussie, Jones and Kidd


Affirmed


Filed: September 11, 1998


Do Not Publish

1. The trial court divided the retirement benefits based on Taggert v. Taggert, 552 S.W.2d 422
(Tex. 1977), the law in effect at the time.


); Anderson v. Anderson, 707 S.W.2d 166, 188
(Tex. App.--Corpus Christi 1986, writ ref'd n.r.e.) (one-half of retirement benefits "as they are
paid to him" meant value at date of retirement); Lohse v. Cheatham, 705 S.W.2d 721, 722 (Tex. 
App.--San Antonio 1986, writ dism'd) ("if, as, and when received by or paid to" is value at date
of retirement).

 Hurley v. Hurley, 960 S.W.2d 287 (Tex. App.--Houston [1st Dist.] 1997) involved
a formula similar to the one at issue here in its division of retirement benefits. The decree
provided that the non-employee spouse receive one-half of the employee spouse's retirement "if,
as, and when received" and employed a formula of a numerator consisting of the number of
months of service at the date of divorce and a denominator consisting of the employee spouse's 
total number of months of service. Id. at 288. The argument was made that the decree was
ambiguous and that the benefits should be valued at the date of divorce, not retirement. The court
found the judgment unambiguous. Id. The court declared that the phrase "if, as, and when
received" is a term of art requiring that pensions be valued not at the time of divorce, but at the
time of retirement. Id. at 289.

 We think the trial court correctly found the decree unambiguous. No language
limiting the time of service limited that service to the time of divorce. Nothing in the formula for
apportioning the benefits or appearing elsewhere in the decree conflicts with the construction that
the retirement benefits are to be valued as of the date of the retirement. The trial court properly
assisted in the implementation of the original decree by inserting into the formula the factor
unknown at the time of the decree--the actual number of years of appellant's service. We overrule
point of error one.

 In his second point of error, appellant contends that the trial court improperly found
this decree to be an agreed judgment. Whether or not this was an agreed judgment does not affect
the outcome of the case. Even if a divorce decree is not a consent decree or agreed judgment, the
normal rules applicable to the construction of judgments apply to its interpretation. See Harvey,
905 S.W.2d at 763; Biaza v. Simon, 879 S.W.2d 349, 350 (Tex. App.--Houston [14th Dist.]
1994, writ denied). If it is a consent decree or agreed judgment, it is interpreted as if it were a
contract between the parties. See Harvey, 905 S.W.2d at 764, Biaza, 879 S.W.2d at 355. In
interpreting a contract, the court's primary concern is to give effect to the written expression of
the parties' intent, considering the contract as a whole and giving effect to each part. See Forbau
v. Aetna Life Ins. Co., 876 S.W.2d 132, 133 (Tex. 1994). We have already held that the decree
was not ambiguous as a judgment. We find nothing in the decree that expresses any intent on the
part of the parties contrary to the trial court's construction. We overrule appellant's second point
of error.

 Appellant's third and fourth points of error attack the trial court's construction of
the decree. He argues that the formula used in the original decree was incorrect and the trial court
should divide the retirement benefits as set out in Berry v. Berry, 647 S.W.2d 945 (Tex. 1983). (1) 
As discussed earlier, res judicata applies to divorce decrees. See Baxter, 794 S.W.2d at 762;
Segrest, 610 S.W.2d at 612. Any complaints about the property division, whether in regard to
the retirement benefits or other property, had to be raised in a direct appeal from the original
decree. See Baxter, 794 S.W.2d at 763. While compliance with Berry may now be required, we
do not apply Berry retroactively. Wilson v. Uzzel, 953 S.W.2d 384, 390 (Tex. App.--El Paso
1997, no writ