TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-10-00261-CV




Arthur Bogdany, Appellant

v.

Ladonna Lois Hammett, Appellee




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 425TH JUDICIAL DISTRICT
NO. 09-1806-F425, HONORABLE JOHN MCMASTER, JUDGE PRESIDING


 
M E M O R A N D U M O P I N I O N
 
                        In this appeal from a divorce decree, appellant Arthur Bogdany challenges the
trial court’s denial of his pro se motion for continuance and the trial court’s award of attorney’s fees
against him. Because we conclude that the trial court did not abuse its discretion in either ruling, we
affirm the decree.

BACKGROUND

                        Bogdany and appellee Ladonna Lois Hammett


 were married in September 2000. 
They initially lived in a house owned by Bogdany but moved to a house on property owned by the
Kurtz Family Trust in 2004. From 2004 to June 2009, the parties lived on the trust’s property rent
free, and Bogdany performed work, including maintenance and repairs, on other rental properties
owned by the trust. The Kurtz Family Trust was formed in 1982 and, during the relevant time
period, Hammett’s mother was the beneficiary of the trust and Hammett was a trustee.
                        In June 2009, Hammett filed an original petition for divorce. Around that time, the
parties also entered into written agreements dividing their household items, cars, and bank accounts,
but they were unable to resolve the division of certain certificates of deposit and a dispute that they
had concerning the work that Bogdany had performed on the trust’s rental properties. In his answer
and counterpetition for divorce, Bogdany sought a disproportionate share of the community estate
and reimbursement to the community estate for the value of his work on the rental properties.
                        The final hearing was set for October 29, 2009. Bogdany filed a motion for
continuance from the trial setting based upon medical issues that his attorney’s mother was having
and the need to conduct additional discovery. After a hearing on October 16, 2009, the trial court
granted the motion and reset the trial for January 5, 2010. Bogdany did not personally attend the
October hearing.
                        On December 1, 2009, Bogdany’s attorney filed a motion to withdraw because
she was “unable to effectively communicate” with him “in a manner consistent with good
attorney-client relations.” She had sent Bogdany copies of her motion to withdraw by certified mail
on November 23, 2009, to a post office box and to the physical address of the house on the trust’s
property where the parties had previously been living, as well as leaving him messages on his cell
phone. The trial court heard the motion on December 2, 2009; Bogdany was not present for the
hearing. At the hearing, Bogdany’s attorney stated that she had attempted to contact him by leaving
numerous messages on his cell phone because she needed his input to respond to outstanding
discovery requests but that she had not had any response from him since before the hearing in
October on the motion for continuance. She stated that she mailed a copy of the motion to the
address of the house on the trust’s property because it was Bogdany’s last known address. He did
not provide her with a new address after he moved. She also advised the trial court that she did not
know his address at the time of the hearing and that, although she had attempted to locate him, she
had been unsuccessful in her efforts. The trial court granted her motion to withdraw.
                        Bogdany filed a pro se verified motion for continuance on January 4, 2010, from the
trial setting the following day. He stated that he did not receive notice of his attorney’s motion to
withdraw until December 22, 2009, and that he first learned of the January 5th trial setting on
December 29, 2009. After learning of the date, he states that he was “diligent in attempting to find
[an] attorney” and that he had found one that would represent him but not without a continuance. 
Attached to his motion were copies of his former attorney’s letter, dated November 23, 2009, a copy
of the certified mail receipt dated the same date, and notices of attempted delivery of the mail
addressed to the post office box on November 30, December 1, and December 18.
                        On January 5, 2010, the trial court heard and denied Bogdany’s motion for
continuance and then proceeded with the final hearing with Bogdany representing himself. In
addition to the parties, Hammett’s attorney and an attorney hired by the trust testified concerning
incurred attorney’s fees, and an attorney specializing in trusts testified concerning the Kurtz Family
Trust. The evidence was undisputed that, during their marriage, Bogdany and Hammett did not pay
rent to live on the property owned by the trust and that Bogdany was unemployed, but that Bogdany
performed work on the rental properties owned by the trust during that time period without receiving
compensation. Hammett testified concerning the parties’ agreement to divide their property, her
proposed division of the certificates of deposit, their living expenses during their marriage, the work
that Bogdany performed on the trust properties, and her duties as the trustee of the trust. She
testified that, as the trustee, she paid her mother’s living expenses out of the trust assets. As to the
parties’ living expenses during their marriage, she testified that she contributed more than $2,200
and Bogdany contributed “a little less than a thousand” a month from 2004 until they were separated. 
Bogdany testified concerning the work that he performed on the rental properties of the trust and to
his opinion that the trust was a “sham.” The attorney specializing in trusts testified that Hammett
“has no right of ownership” of the trust assets, that it is a separate entity, and that Hammett’s mother
was the beneficiary.
                        At the close of the evidence, the trial court granted the divorce, divided the
community estate of the parties, and ordered Bogdany to pay $11,050 in attorney’s fees incurred
by Hammett. Bogdany filed a motion for new trial that was overruled by operation of law. This
appeal followed.

ANALYSIS

                        In two issues, Bogdany contends that the trial court erred in denying his motion for
continuance and subsequently awarding Hammett attorney’s fees. We review both rulings under an
abuse of discretion standard. See Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986); Murff
v. Murff, 615 S.W.2d 696, 699 (Tex. 1981); Mandell v. Mandell, 310 S.W.3d 531, 540 (Tex.
App.—Fort Worth 2010, pet. denied). The test for abuse of discretion is “whether the court acted
without reference to any guiding rules and principles.” Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985).
                        In his first issue, Bogdany contends that the trial court erred in denying his motion
for continuance of the trial based upon his delayed notice of his attorney’s withdrawal and his
subsequent lack of representation. When the ground for continuance is the withdrawal of counsel,
the movant must show that the failure to be represented at trial was not due to his own fault or
negligence. See Villegas, 711 S.W.2d at 626; State v. Crank, 666 S.W.2d 91, 94 (Tex. 1984); see
also Tex. R. Civ. P. 253 (“[A]bsence of counsel will not be good cause for a continuance . . . when
called for trial, except it be allowed in the discretion of the court, upon cause shown or upon matters
within the knowledge or information of the judge to be stated on the record.”). Bogdany contends
that his lack of representation was not due to his own fault or negligence because he only received
written notice of his former attorney’s motion to withdraw on December 22 and notice of the trial
setting on December 29 and, therefore, did not have sufficient time to obtain new counsel and allow
that counsel time to prepare for trial.
                        In Villegas, the supreme court held that the trial court abused its discretion when it
denied a pro se motion for continuance after the trial court allowed the party’s attorney to withdraw
two days before trial “because the evidence shows that [the party] was not negligent or at fault in
causing his attorney’s withdrawal.” 711 S.W.2d at 626. In contrast, the trial court here could have
found that Bogdany failed to show that his lack of representation was not due to own fault or
negligence. See id. The basis of his former attorney’s motion to withdraw was her inability to
communicate with Bogdany. At the hearing on her motion, she stated to the trial court that her
primary method of communicating with Bogdany had been by cell phone and that he would call her
back shortly after she left a message but that, after the hearing on the motion for continuance in
October 2009, he did not respond to her messages, including her messages that she needed his input
to answer discovery that was due December 1, and that the trial had been reset to January 5, 2010. 
She also stated to the trial court that Bogdany did not provide her with his new address after the
parties separated in June 2009. Although Bogdany disputed that his former attorney tried to “get
ahold” of him during this time period, we cannot conclude that the trial court abused its discretion
by denying his motion for continuance and proceeding with the trial.


 See Gendebien v. Gendebien,
668 S.W.2d 905, 908 (Tex. App.—Houston [14th Dist.] 1984, no writ) (action of trial court denying
motion for continuance “will not be disturbed unless the record shows a clear abuse of discretion”). 
We overrule Bogdany’s first issue.
                        In his second issue, Bogdany challenges the award of attorney’s fees against him. The
trial court awarded Hammett’s attorney a judgment against Bogdany in the amount of $8,850 for
attorney’s fees and costs and the attorney representing the trust a judgment in the amount of $2,200. 
Bogdany contends that “the award of attorney’s fees were not awarded as an equitable division of
the community property, but because [the trial court] believed that Appellant’s ‘position in this
divorce was unreasonable and unwarranted and therefore . . . he should pay the cost for it.’” He also
challenges the award of attorney’s fees for the trust’s attorney because the trust was not a party to
the proceeding. He further contends that it was not “just and equitable” to award attorney’s fees
against him because he is “sixty-eight years old, suffers from dyslexia and numerous other health
related issues, and has a very limited earning potential having been out of the workforce for more
than ten years.”
                        In a divorce proceeding, the trial court is charged with dividing the community estate
in a “just and right” manner, giving due regard to the rights of each party. See Tex. Fam. Code Ann.
§ 7.001 (West 2006). Trial courts are afforded wide discretion in dividing the community estate, and
we must indulge every reasonable presumption in favor of the trial court’s proper exercise of its
discretion. See Mandell, 310 S.W.3d at 538-39. Further, in a non-jury trial, when no findings of fact
or conclusions of law are filed or requested, as is the case here, we must presume that the trial court
made all the necessary findings to support its judgment. See Allen v. Allen, 717 S.W.2d 311, 313
(Tex. 1986). When the trial court’s implied findings are supported by the evidence, we must uphold
its judgment on any theory of law applicable to the case. See Worford v. Stamper, 801 S.W.2d 108,
109 (Tex. 1990).
                        As part of the “just and right” division of the estate, the trial court has the equitable
power to award either spouse attorney’s fees. See Mandell, 310 S.W.3d at 541; see, e.g., Murff,
615 S.W.2d at 699 (attorney’s fees among many factors courts may consider in making a just and
right division). Here, the trial court found that Hammett “incurred $8,850.00 as attorney’s fees and
costs with [her attorney]; and the additional sum of $2,200.00 as attorney’s fees and costs with [the
attorney for the trust].” Bogdany does not dispute that Hammett actually incurred those fees and
costs prior to the parties’ divorce, and he does not otherwise challenge the property division that
included the parties’ agreements on the division of their household items, cars, and bank accounts,
and the trial court’s division of the certificates of deposit. He also does not challenge the denial of
his reimbursement claim for the work that he performed on the property for the trust.
                        The evidence showed that the parties lived rent free on the trust’s property from 2004
to June 2009, that Bogdany was unemployed during that time, and that Hammett did not own the
assets of the trust. Hammett also testified that she contributed more than $2,200 and Bogdany
contributed “a little less than a thousand” a month for living expenses during the period that they
were living rent free. The trial court divided the certificates of deposit by awarding each party their
initial investment—Hammett $30,000 and Bogdany $49,000—plus their respective percentages in
the remaining balance. Taking into account the property division as a whole, the trial court could
have found that it was “just and right” to award Hammett incurred attorney’s fees and costs as part
of the equitable division of the estate. See Allen, 717 S.W.2d at 313. On this record then, we cannot
conclude that the trial court abused its discretion in its award of attorney’s fees against Bogdany. 
See Murff, 615 S.W.2d at 698-99 (court has wide discretion in dividing the estate). We overrule
Bogdany’s second issue.

CONCLUSION

                        Having overruled Bogdany’s issues, we affirm the divorce decree.
 
 
 
 
__________________________________________
                                                                        Jan P. Patterson, Justice
Before Justices Patterson, Puryear and Henson
Affirmed
Filed: November 19, 2010