# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00261-CV

**Arthur Bogdany, Appellant**

**v.**

**Ladonna Lois Hammett, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 425TH JUDICIAL DISTRICT NO. 09-1806-F425, HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this appeal from a divorce decree, appellant Arthur Bogdany challenges the trial court's denial of his pro se motion for continuance and the trial court's award of attorney's fees against him. Because we conclude that the trial court did not abuse its discretion in either ruling, we affirm the decree.

## BACKGROUND

Bogdany and appellee Ladonna Lois Hammett[1] were married in September 2000. They initially lived in a house owned by Bogdany but moved to a house on property owned by the Kurtz Family Trust in 2004. From 2004 to June 2009, the parties lived on the trust's property rent free, and Bogdany performed work, including maintenance and repairs, on other rental properties

---

[1] The divorce decree granted appellee's request to change her name to Ladonna Lois Hammett. Her name prior to the divorce was Ladonna Bogdany.

owned by the trust. The Kurtz Family Trust was formed in 1982 and, during the relevant time period, Hammett's mother was the beneficiary of the trust and Hammett was a trustee.

In June 2009, Hammett filed an original petition for divorce. Around that time, the parties also entered into written agreements dividing their household items, cars, and bank accounts, but they were unable to resolve the division of certain certificates of deposit and a dispute that they had concerning the work that Bogdany had performed on the trust's rental properties. In his answer and counterpetition for divorce, Bogdany sought a disproportionate share of the community estate and reimbursement to the community estate for the value of his work on the rental properties.

The final hearing was set for October 29, 2009. Bogdany filed a motion for continuance from the trial setting based upon medical issues that his attorney's mother was having and the need to conduct additional discovery. After a hearing on October 16, 2009, the trial court granted the motion and reset the trial for January 5, 2010. Bogdany did not personally attend the October hearing.

On December 1, 2009, Bogdany's attorney filed a motion to withdraw because she was "unable to effectively communicate" with him "in a manner consistent with good attorney-client relations." She had sent Bogdany copies of her motion to withdraw by certified mail on November 23, 2009, to a post office box and to the physical address of the house on the trust's property where the parties had previously been living, as well as leaving him messages on his cell phone. The trial court heard the motion on December 2, 2009; Bogdany was not present for the hearing. At the hearing, Bogdany's attorney stated that she had attempted to contact him by leaving numerous messages on his cell phone because she needed his input to respond to outstanding

2

discovery requests but that she had not had any response from him since before the hearing in October on the motion for continuance. She stated that she mailed a copy of the motion to the address of the house on the trust's property because it was Bogdany's last known address. He did not provide her with a new address after he moved. She also advised the trial court that she did not know his address at the time of the hearing and that, although she had attempted to locate him, she had been unsuccessful in her efforts. The trial court granted her motion to withdraw.

Bogdany filed a pro se verified motion for continuance on January 4, 2010, from the trial setting the following day. He stated that he did not receive notice of his attorney's motion to withdraw until December 22, 2009, and that he first learned of the January 5th trial setting on December 29, 2009. After learning of the date, he states that he was "diligent in attempting to find [an] attorney" and that he had found one that would represent him but not without a continuance. Attached to his motion were copies of his former attorney's letter, dated November 23, 2009, a copy of the certified mail receipt dated the same date, and notices of attempted delivery of the mail addressed to the post office box on November 30, December 1, and December 18.

On January 5, 2010, the trial court heard and denied Bogdany's motion for continuance and then proceeded with the final hearing with Bogdany representing himself. In addition to the parties, Hammett's attorney and an attorney hired by the trust testified concerning incurred attorney's fees, and an attorney specializing in trusts testified concerning the Kurtz Family Trust. The evidence was undisputed that, during their marriage, Bogdany and Hammett did not pay rent to live on the property owned by the trust and that Bogdany was unemployed, but that Bogdany performed work on the rental properties owned by the trust during that time period without receiving

3

compensation. Hammett testified concerning the parties' agreement to divide their property, her proposed division of the certificates of deposit, their living expenses during their marriage, the work that Bogdany performed on the trust properties, and her duties as the trustee of the trust. She testified that, as the trustee, she paid her mother's living expenses out of the trust assets. As to the parties' living expenses during their marriage, she testified that she contributed more than $2,200 and Bogdany contributed "a little less than a thousand" a month from 2004 until they were separated. Bogdany testified concerning the work that he performed on the rental properties of the trust and to his opinion that the trust was a "sham." The attorney specializing in trusts testified that Hammett "has no right of ownership" of the trust assets, that it is a separate entity, and that Hammett's mother was the beneficiary.

At the close of the evidence, the trial court granted the divorce, divided the community estate of the parties, and ordered Bogdany to pay $11,050 in attorney's fees incurred by Hammett. Bogdany filed a motion for new trial that was overruled by operation of law. This appeal followed.

## ANALYSIS

In two issues, Bogdany contends that the trial court erred in denying his motion for continuance and subsequently awarding Hammett attorney's fees. We review both rulings under an abuse of discretion standard. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981); *Mandell v. Mandell*, 310 S.W.3d 531, 540 (Tex. App.—Fort Worth 2010, pet. denied). The test for abuse of discretion is "whether the court acted

4

without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

In his first issue, Bogdany contends that the trial court erred in denying his motion for continuance of the trial based upon his delayed notice of his attorney's withdrawal and his subsequent lack of representation. When the ground for continuance is the withdrawal of counsel, the movant must show that the failure to be represented at trial was not due to his own fault or negligence. *See Villegas*, 711 S.W.2d at 626; *State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984); *see also* Tex. R. Civ. P. 253 ("[A]bsence of counsel will not be good cause for a continuance . . . when called for trial, except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record."). Bogdany contends that his lack of representation was not due to his own fault or negligence because he only received written notice of his former attorney's motion to withdraw on December 22 and notice of the trial setting on December 29 and, therefore, did not have sufficient time to obtain new counsel and allow that counsel time to prepare for trial.

In *Villegas*, the supreme court held that the trial court abused its discretion when it denied a pro se motion for continuance after the trial court allowed the party's attorney to withdraw two days before trial "because the evidence shows that [the party] was not negligent or at fault in causing his attorney's withdrawal." 711 S.W.2d at 626. In contrast, the trial court here could have found that Bogdany failed to show that his lack of representation was not due to own fault or negligence. *See id.* The basis of his former attorney's motion to withdraw was her inability to communicate with Bogdany. At the hearing on her motion, she stated to the trial court that her

5

primary method of communicating with Bogdany had been by cell phone and that he would call her

back shortly after she left a message but that, after the hearing on the motion for continuance in

October 2009, he did not respond to her messages, including her messages that she needed his input

to answer discovery that was due December 1, and that the trial had been reset to January 5, 2010.

She also stated to the trial court that Bogdany did not provide her with his new address after the

parties separated in June 2009. Although Bogdany disputed that his former attorney tried to "get

ahold" of him during this time period, we cannot conclude that the trial court abused its discretion

by denying his motion for continuance and proceeding with the trial.[2] *See Gendebien v. Gendebien*,

668 S.W.2d 905, 908 (Tex. App.—Houston [14th Dist.] 1984, no writ) (action of trial court denying

motion for continuance "will not be disturbed unless the record shows a clear abuse of discretion").

We overrule Bogdany's first issue.

In his second issue, Bogdany challenges the award of attorney's fees against him. The

trial court awarded Hammett's attorney a judgment against Bogdany in the amount of $8,850 for

attorney's fees and costs and the attorney representing the trust a judgment in the amount of $2,200.

Bogdany contends that "the award of attorney's fees were not awarded as an equitable division of

the community property, but because [the trial court] believed that Appellant's 'position in this

divorce was unreasonable and unwarranted and therefore . . . he should pay the cost for it.'" He also

challenges the award of attorney's fees for the trust's attorney because the trust was not a party to

---

[2] At trial, Bogdany disputed that his former attorney left messages on his cell phone, and it was his position that he was not obligated to maintain contact with her or to regularly check his post office box. He testified that he checked it every two to three weeks and that he was residing in a recreational vehicle at the time.

the proceeding. He further contends that it was not "just and equitable" to award attorney's fees against him because he is "sixty-eight years old, suffers from dyslexia and numerous other health related issues, and has a very limited earning potential having been out of the workforce for more than ten years."

In a divorce proceeding, the trial court is charged with dividing the community estate in a "just and right" manner, giving due regard to the rights of each party. *See* Tex. Fam. Code Ann. § 7.001 (West 2006). Trial courts are afforded wide discretion in dividing the community estate, and we must indulge every reasonable presumption in favor of the trial court's proper exercise of its discretion. *See Mandell*, 310 S.W.3d at 538-39. Further, in a non-jury trial, when no findings of fact or conclusions of law are filed or requested, as is the case here, we must presume that the trial court made all the necessary findings to support its judgment. *See Allen v. Allen*, 717 S.W.2d 311, 313 (Tex. 1986). When the trial court's implied findings are supported by the evidence, we must uphold its judgment on any theory of law applicable to the case. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

As part of the "just and right" division of the estate, the trial court has the equitable power to award either spouse attorney's fees. *See Mandell*, 310 S.W.3d at 541; *see, e.g.*, *Murff*, 615 S.W.2d at 699 (attorney's fees among many factors courts may consider in making a just and right division). Here, the trial court found that Hammett "incurred $8,850.00 as attorney's fees and costs with [her attorney]; and the additional sum of $2,200.00 as attorney's fees and costs with [the attorney for the trust]." Bogdany does not dispute that Hammett actually incurred those fees and costs prior to the parties' divorce, and he does not otherwise challenge the property division that

included the parties' agreements on the division of their household items, cars, and bank accounts, and the trial court's division of the certificates of deposit. He also does not challenge the denial of his reimbursement claim for the work that he performed on the property for the trust.

The evidence showed that the parties lived rent free on the trust's property from 2004 to June 2009, that Bogdany was unemployed during that time, and that Hammett did not own the assets of the trust. Hammett also testified that she contributed more than $2,200 and Bogdany contributed "a little less than a thousand" a month for living expenses during the period that they were living rent free. The trial court divided the certificates of deposit by awarding each party their initial investment—Hammett $30,000 and Bogdany $49,000—plus their respective percentages in the remaining balance. Taking into account the property division as a whole, the trial court could have found that it was "just and right" to award Hammett incurred attorney's fees and costs as part of the equitable division of the estate. *See Allen*, 717 S.W.2d at 313. On this record then, we cannot conclude that the trial court abused its discretion in its award of attorney's fees against Bogdany. *See Murff*, 615 S.W.2d at 698-99 (court has wide discretion in dividing the estate). We overrule Bogdany's second issue.

## CONCLUSION

Having overruled Bogdany's issues, we affirm the divorce decree.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   November 19, 2010