**Opinion filed February 2, 2017**



## In The

# Eleventh Court of Appeals

_____

## No. 11-15-00018-CV

_____

## KEVIN GILLS, Appellant

## V.

## MARY HARRIS, Appellee

**On Appeal from the County Court At Law No. 2**

**Midland County, Texas**

**Trial Court Cause No. FM-48,655**

### M E M O R A N D U M   O P I N I O N

Appellant, Kevin Gills, appeals from an "Order on Petition to Clarify & Enforce Property Division" granted in favor of Appellee, Mary Harris. We affirm.

Appellant and Appellee were divorced on January 28, 2009, in Midland County. In the divorce decree, the trial court awarded the parties' house to Appellant. The decree provided that Appellant "shall pay . . . and shall indemnify and hold the wife and her property harmless from any failure to so discharge . . .

[t]he balance due, including principal, interest, tax, and insurance escrow, on the promissory note executed and secured by a deed of trust on the real property awarded" and that Appellant "will use his *best efforts* to attempt to refinance the house solely in his name and if that fails will indemnify [Appellee] and hold her harmless from his failure to discharge such debts" (emphasis added).

Because Appellant, in more than five years after the trial court entered the divorce decree, had not yet refinanced the house as provided for in the divorce decree, Appellee filed a "Petition to Clarify & Enforce Property Division." She asserted that the order to refinance the house was not specific enough for enforcement by the trial court. Appellee asked the trial court to clarify the terms of the order in a manner specific enough for enforcement by contempt. Appellee further asked the trial court to specify a reasonable time in which Appellant must comply.

The trial court granted Appellee's request and entered its "Order on Petition to Clarify & Enforce Property Division." The order provided:

> The Court further finds that such prior court order is not specific enough for enforcement by the Court. Therefore, Petitioner's request for clarification of such prior court order is **GRANTED** pursuant to TFC § 9.008.
>
> . . . .
>
> IT IS FURTHER ORDERED that Kevin Gills shall refinance the residence . . . in such a manner that the name of Mary Campbell *(being Petitioner, Mary Harris)* is removed from any and all liability, including but not limited to mortgage liability with Carrington Mortgage Services, loan number 1001741501, **WITHIN 90 DAYS FROM OCTOBER 21, 2014.**
>
> Further, from November 1, 2014, forward, IT IS ORDERED that Kevin Gills shall pay all principal, interest, escrow, and all other fees, charges, and penalties due and owing, to Carrington Mortgage Services, or the current mortgage holder of said residence, no later than the first day of each month by check or money order mailed by certified return receipt to the mortgage holder's correct address. Kevin Gills shall keep

2

all certified return mail receipts as proof of receipt by the mortgage holder. IT IS ORDERED that Kevin Gills shall make payments in this manner until said residence is paid in full or until further order of this Court.

On appeal, Appellant presents three issues for our review. In Appellant's first issue, he argues that the provision that Appellant would use "his best efforts to refinance the house solely in his name" is too indefinite to be enforced by the trial court and was not therefore subject to clarification. "We review the trial court's ruling on a post-divorce motion for enforcement or clarification of a divorce decree under an abuse-of-discretion standard." *Gainous v. Gainous*, 219 S.W.3d 97, 103 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (op. on reh'g). A property agreement, although incorporated into a final divorce decree, is treated as a contract, and its legal force and meaning are governed by the law of contracts, not by the law of judgments. *Allen v. Allen*, 717 S.W.2d 311, 313 (Tex. 1986); *McGoodwin v. McGoodwin*, 671 S.W.2d 880, 882 (Tex. 1984).

Relying on *Chavez*, Appellant contends that the "best efforts" provision is not enforceable because it is "so indefinite as to make it impossible for a court to fix the legal obligations and liabilities of Appellant." *See Chavez v. McNeely*, 287 S.W.3d 840, 845 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Appellee argues that, because the term "best efforts" is open to more than one interpretation, it is ambiguous and may be reformed by the trial court to correct the mutual mistake or to reflect the true intent of the parties. Further, Appellee contends that the reformation of the provision was properly accomplished by use of the clarification proceeding brought by Appellee under Chapter 9 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 9.008 (West 2006). We agree with Appellee. A property settlement agreement may be reformed to correct a mutual mistake and to reflect the true intent of the parties; thus, a clarification proceeding may be used to accomplish that. *Allen*, 717 S.W.2d at 313. Appellant's first issue is overruled.

Appellant's second and third issues concern whether the trial court abused its discretion when it entered the clarification order. Under the Family Code, the trial court has the authority to clarify a decree that is not specific enough to be enforceable by contempt by entering a clarifying order that sets forth specific terms so that a trial court can enforce compliance in acordance with the original division of property. FAM. § 9.008(b). Appellant asserts that the trial court exceeded its authority to clarify and enforce the divorce decree when it ordered Appellant to refinance the house within ninety days and when it imposed an obligation on Appellant that was not contained in the divorce decree. Specifically, Appellant argues that the trial court's "refinance order" and "payment order" functioned to amend, modify, alter, or change the underlying property division set out in the divorce decree. Section 9.007(a) of the Texas Family Code provides that "[a] court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment. An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property." *Id.* § 9.007(a).

In the clarification order, the trial court ordered that Appellant was to refinance the house within ninety days of the clarification order. In Issue Two, Appellant contends that the order to refinance within ninety days would "certainly" change the position that Appellant was in at the time he was ordered to pay the mortgage because refinancing the mortgage would "within all probability, change the term, interest rate, and monthly payment. Refinancing may require [] a down payment, the payment of points, origination fees, survey fees, appraisal fees, title insurance fee, and other fees payable at settlement."

In the clarification order, the trial court also ordered Appellant to pay "all principal, interest, escrow, and all other fees, charges, and penalties due and owing" to the mortgage holder "*no later than the first day of each month by check or money*

4

*order mailed by certified return receipt to the mortgage holder's correct address*"
(emphasis added). In his third issue on appeal, Appellant argues that this part of the
clarification order imposed an obligation upon Appellant that was not contained in
the divorce decree.

In response to Appellant's claims in his second and third issues on appeal,
Appellee directs us to *Hollingsworth* and asserts that Appellant has failed to identify
any new obligation imposed by the trial court in the clarification order. *See
Hollingsworth v. Hollingsworth*, 274 S.W.3d 811, 819 (Tex. App.—Dallas 2008, no
pet.) (holding that the appellant failed to identify any new obligation imposed by the
clarification order that provided a precise time and place that appellant was to pay
appellee the amount of appellee's obligation to the IRS). We agree with Appellee.
As to the second issue on appeal, we do not see how the changes that Appellant
asserts "may" occur to his position as a result of the trial court's clarification order
are any different than those that might have occurred if he had refinanced the loan
soon after the divorce proceedings were final. Further, as far as Issue Three is
concerned, as in *Hollingsworth*, the imposition of a specific time and manner for
Appellant to pay his existing obligation did not amend, modify, alter, or change the
underlying property division. We cannot say that the trial court abused its discretion
when it entered its order to clarify the decree of divorce. We overrule Appellant's
second and third issues on appeal.

We affirm the order of the trial court.


                                                        JIM R. WRIGHT

February 2, 2017                                        CHIEF JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.